WELLES v. ARNO CO-OPERATIVE IRR. CO. (No. 414.)†

(Court of Civil Appeals of Texas. El Paso. June 3, 1915. On Rehearing, June 24, 1915.)

1. JUDICIAL SALES ☞61—CONVEYANCE TO PURCHASER—SUFFICIENCY OF DESCRIPTION.

There is no distinction between the rules as to the sufficiency of a description in an involuntary conveyance and in a voluntary conveyance, and a description in a sheriff's deed is sufficient if it may be made certain by extrinsic evidence identifying the property.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. §§ 119–122; Dec. Dig. ☞ 61.]

2. JUDGMENT ☞18—PLEADING TO SUSTAIN—SUFFICIENCY OF DESCRIPTION.

In trespass to try title a description of the property in the petition, which is only general, as the canals, ditches, rights of way, headgates, and water rights of a certain irrigation company, is insufficient to support a judgment without extrinsic evidence identifying the property.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 34–37; Dec. Dig. ☞18.]

On Rehearing.
3. TRESPASS TO TRY TITLE ☞41—SUFFICIENCY OF EVIDENCE—DESCRIPTION.

In trespass to try title, where plaintiff claimed under a sheriff's deed, which described the property only generally as the property of an irrigation company, extrinsic evidence, which would enable the canals, headgates, etc., to be located, but which did not define the boundaries of the tracts on which they were situated, is insufficient to support recovery by the plaintiff.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 62, 63; Dec. Dig. ☞ 41.]

Appeal from District Court, Reeves County; S. J. Isaacs, Judge.

Trespass to try title by George D. Welles against the Arno Co-operative Irrigation Company. Judgment for the defendant, and plaintiff appeals. Affirmed, and motion for rehearing overruled.

Geo. D. Welles, of Toledo, Ohio, and Hudson & Canon, of Pecos, for appellant. Hefner & Cooke and J. A. Buck, all of Pecos, and Leslie A. Needham, of Chicago, Ill., for appellee.

HIGGINS, J. This is an action in trespass to try title brought by Geo. D. Welles, trustee, to recover the title to and possession of certain property hereinafter described. On May 15, 1907, judgment was rendered against the Dixie Irrigation Company for taxes, with foreclosure of lien on—
"all that certain irrigation canal situated about 25 miles north of Pecos City in said Reeves county, Texas, and known as Dixie Irrigation Company's canal, and all rights of way for said canal through any and all lands on which it may pass be the same acquired by purchase, donation, condemnation, limitation or otherwise, also all laterals, ditches, dams, flumes, headgates, water rights and franchises of said company, and being a part of said Dixie Irrigation Company's system or plant."

Order of sale thereon was issued, levy made, and the property sold to appellant, to whom deed was made. In the order of sale, levy, and deed, and in the petition herein, the description follows that given in the judgment. Appellant claims title under these tax foreclosure proceedings. Welles prosecutes this appeal from a judgment in favor of defendant.

The description contained in the foreclosure proceedings is a general one, and the property is incapable of identification by inspection alone of the judgment, order of sale, levy, and sheriff's deed. It is perhaps sufficiently accurate to enable parties to identify it by the use of such means as would be admissible in a court of justice for that purpose.

[1] Under the earlier decisions of our courts, the description would be regarded as wholly insufficient, but the rule that more definite description is necessary to the efficacy of a sheriff's deed than to a voluntary conveyance has long since been discarded. There is no distinction in this respect be-

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
† Writ of error denied by Supreme Court.

tween voluntary and involuntary conveyances; that is certain which may be made certain, and extrinsic evidence is admissible to identify the premises conveyed by sheriff's deed as well as by voluntary conveyance. Hermann v. Likens, 90 Tex. 448, 39 S. W. 282; Smith v. Crosby, 86 Tex. 15, 23 S. W. 10, 40 Am. St. Rep. 818; McManus v. Corkney, 91 Tex. 27, 40 S. W. 715; Slaughter v. City of Dallas, 101 Tex. 315, 107 S. W. 48; McDonald v. Hanks, 52 Tex. Civ. App. 140, 113 S. W. 604; Gallup v. Flood, 46 Tex. Civ. App. 644, 103 S. W. 426.

[2] A judgment in favor of plaintiff, describing the property as it is described in the petition in this case and as described in the foreclosure proceedings, would not identify the same with any degree of certainty whatever. A sheriff, undertaking by writ of possession to place plaintiff in possession of same, of necessity would have to make of himself judge and jury and determine what particular realty and water rights he would deliver to the plaintiff. In the absence of extrinsic evidence identifying the property described in the tax foreclosure proceedings, plaintiff has failed to establish his title to the property for which he sues. There is no such evidence and in the absence thereof, no judgment could properly have been rendered except in defendant's favor, and a peremptory instruction to that effect should have been given.

None of the assignments of error in any wise relate to or affect this controlling feature of the case, and they are therefore overruled.

Affirmed.

### On Rehearing.

[3] Appellant insists there is ample extrinsic evidence in the record identifying the property for which he sues. The evidence to which he refers was noted upon the original consideration of the case, and the conclusion reached that it was wholly insufficient for the purpose indicated. Briefly stated, it shows the course of the canal; the section of land upon which it begins, and those which it crosses; its length; the section upon which its dam is located; its distance and course from town of Pecos; that it was on west side of Pecos river and the only canal in that section of the country; also a map which shows the route of the canal and points at which it crosses section lines. How this evidence would serve to identify with any degree of certainty whatever the limits and boundaries of the lands for which plaintiff sues and which he claims passed by the foreclosure proceedings is not pointed out by appellant, and it is not apparent to this court. It was necessary that such limits and boundaries be identified and made certain, and the evidence indicated wholly fails to serve this purpose. The banks of the canal, the sides of the ditches,

the dam, and headgate of course can be readily found, but when this is done it does not serve to define the boundaries of the tracts upon which they are located, and which constitutes the subject-matter of the litigation.

The motion for rehearing is overruled.