**Reversed and Remanded in Part; Affirmed in Part and Memorandum Opinion filed July 11, 2024**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00464-CV

---

### ELIAZAR SPEARS, Appellant

### V.

### JOSE ANGEL CALVILLO-ZAPATA, Appellee

---

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2018-18861**

---

### MEMORANDUM OPINION

Appellant Eliazar Spears appeals from the trial court's final summary judgment declaring (1) the June 14, 2017, Special Warranty Deed conveying the property located at 12103 Flora Morgan Lane[1] to her void; and (2) that appellee Jose Angel Calvillo-Zapata has superior title to the same property by virtue of

---

[1] In the appellate record the property is variously described as 12103 Flora Morgan Lane and 12103 Floramorgan Lane. To maintain consistency, we use 12103 Flora Morgan Lane throughout.

earlier signed deeds. Spears' deed was recorded before Appellee's deeds requiring this court to examine section 13.001 of the Texas Property Code, *Validity of Unrecorded Instrument*. Because we conclude the trial court erred when it declared Spears' Special Warranty Deed void and determined that appellee had superior title, we reverse in part and remand to the trial court for further proceedings.

## BACKGROUND

Spears is the daughter of Alfonso Cirenio Zapata (Alfonso Zapata) and is also appellee's aunt. Appellee is Alfonso Zapata's grandson. The house located at 12103 Flora Morgan Lane "had been deeded free and clear to [Alfonso Zapata] in 2009." Alfonso Zapata and his wife decided to move back to Mexico in 2017. About the same time, Alfonso Zapata became concerned that appellee "was doing business under my name." Alfonso Zapata decided to do something nice for his daughter and he also wanted Spears to "keep track of what was going on in Houston while [he] was gone." Alfonso Zapata then sold Spears his house located at 12103 Flora Morgan Lane in Houston "for $100 and her agreement to keep up with [his] mail and so forth" once he moved back to Mexico. Spears agreed to "keep an eye on things here in Houston" and, before Alfonso Zapata moved back to Mexico, she paid him the $100. At that point, Alfonso Zapata signed the Special Warranty Deed deeding the 12103 Flora Morgan Lane property to Spears. Spears filed the deed in the Harris County Property Records on June 16, 2017.

Appellee averred that he entered into a Contract of Sale to purchase the property located at 12103 Flora Morgan Lane from Juana Guerra in 2007. Appellee moved into the house and has lived there since that time. Appellee averred that, as a result of his "immigration concerns," Guerra executed a Special Warranty Deed transferring her ownership interest in the 12103 Flora Morgan

2

Lane property to herself and Alfonso Zapata in June 2009. This deed was recorded in the Harris County Property Records in July 2009. At this point, Guerra and Alfonso Zapata each owned an undivided 50 percent interest in the 12103 Flora Morgan Lane property. On October 30, 2009, Guerra and Alfonso Zapata signed a Special Warranty Deed transferring ownership to the 12103 Flora Morgan Lane property entirely to Alfonso Zapata. This deed was recorded in the Harris County Property Records soon thereafter.

In 2013, appellee became concerned that his family intended to sell the 12103 Flora Morgan Lane property. Appellee's concerns began when his family started asking questions about the property and then brought a realtor to the property to take photographs. At this point, appellee had an attorney, Elida Aguilar, prepare a Durable Power of Attorney for Real Estate Transactions and a Quitclaim Deed for appellee's grandfather, Alfonso Zapata, to sign. According to Aguilar, she personally spoke with Alfonso Zapata and was comfortable that Alfonso Zapata "was competent to understand and execute the documents." Aguilar averred that Alfonso Zapata executed both documents in her office and they were also notarized in her office. The stated consideration was the "love of, and affection for, my grandson, grantee." While both documents are dated April 30, 2013, neither was recorded in the Harris County Property Records until August 14, 2017. According to appellee, he continued to have problems with his family over the property, so, in 2015, Alfonso Zapata executed a Special Warranty Deed again purporting to convey the 12103 Flora Morgan Lane property to appellee. The 2015 Special Warranty Deed was not filed in the Harris County Property Records until May 2, 2019.

In summary, the key events underlying this litigation occurred in the following order:

(1)     Appellee moved onto the 12103 Flora Morgan Lane property under a contract for sale with Guerra in 2007.

(2)     Guerra transferred a fifty percent ownership interest in the 12103 Flora Morgan Lane property to Zapata in June 2009.  This deed was recorded in the Harris County Property Records in July 2009.

(3)     Guerra transferred her remaining interest in the 12103 Flora Morgan Lane property to Zapata on October 30, 2009.  The deed was recorded soon thereafter.

(4)     Zapata executed a Quitclaim Deed transferring the 12103 Flora Morgan Lane property to appellee on April 30, 2013.

(5)     In 2015, Zapata executed a Special Warranty Deed again transferring the 12103 Flora Morgan Lane property to appellee.

(6)     Zapata sold Spears the 12103 Flora Morgan Lane property.  Zapata signed a Special Warranty Deed memorializing the property transfer and the Special Warranty Deed was filed in the Harris County Property Records on June 16, 2017.

(7)     The 2013 Quitclaim Deed from Zapata to appellee is filed in the Harris County Property Records on August 17, 2017.

(8)     The 2015 Special Warranty Deed from Zapata to appellee is filed in the Harris County Property Records on May 2, 2019.

Spears filed suit against appellee in 2018.  Spears asserted two causes of action, a trespass to try title claim, and a suit alleging appellee committed fraud pursuant to Chapter 12 of the Civil Practice and Remedies Code.  *See* Tex. Civ. Prac. & Rem. Code § 12.002 (establishing liability for making, presenting, or using a document or other record with (1) knowledge that the document or record is a

4

fraudulent claim against real property, (2) intent that the document or record be given legal effect, and (3) intent to cause another person physical or financial injury, mental anguish, or emotional distress).  Appellee filed an original answer in which he asserted, among other things, that he had title to the 12103 Flora Morgan Lane property through adverse possession since 2007.  Later appellee asserted a counterclaim seeking a declaratory judgment declaring the June 14, 2017, Special Warranty Deed purportedly conveying the property to Spears void and confirming that appellee held title to the property free and clear of any claim by Spears.  Appellee, like Spears, asserted a real estate fraud claim under Chapter 12 of the Civil Practice and Remedies Code.  Finally, appellee sought an award of attorney's fees.

Appellee filed a traditional and no-evidence motion for summary judgment seeking judgment on Spears' trespass to try title action.  Appellee argued that Spears had no claim to the property because, pursuant to section 13.001 of the Texas Property Code, she was Alfonso Zapata's heir and because she had not given consideration for the property.  Appellee also argued he was entitled to a no-evidence summary judgment on this cause of action because Spears had no evidence that she had title to the property.  Appellee also moved for traditional summary judgment on Spears' fraud claim.  Finally, appellee sought a summary judgement declaring that he possessed superior title to the property.  The trial court granted appellee's motion.  While the trial court's order disposed of Spears' claims against appellee, it did not resolve appellee's fraud claim, nor his claim for attorney's fees.

Spears filed a motion to reconsider the trial court's summary judgment.  She also filed a motion for declaratory judgment.  The record indicates an oral hearing was scheduled on Spears' motion, but no rulings appear in the appellate record.

5

Eventually, appellee non-suited his remaining claims and the trial court signed an order of non-suit making the interlocutory summary judgment final. Spears timely filed a motion for new trial and petition for declaratory judgment, which the trial court denied by written order. This appeal followed.

ANALYSIS

Spears raises two issues on appeal challenging the trial court's final judgment. In her first issue, Spears argues that the trial court erred when it granted appellee's motion for summary judgment on her cause of action seeking to quiet title to the 12103 Flora Morgan Lane property. In her second issue, Spears asserts that the trial court abused its discretion when it denied her motion for new trial on the same cause of action. Spears does not challenge the trial court's judgment on her fraud cause of action in this appeal, so we affirm that part of the trial court's summary judgment order. Because we conclude the trial court erred when it granted appellee's motion for summary judgment declaring that appellee possessed superior title to the 12103 Flora Morgan Lane property and also declaring Spears Special Warranty Deed void, we sustain Spears' first issue in part and need not reach her second issue.

## I. Standard of review and applicable law

We review the trial court's grant of summary judgment de novo. *See, e.g., Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We consider all of the summary judgment evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *See Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 582 (Tex. 2006).

In a no-evidence motion for summary judgment, the movant represents that there is no evidence of one or more essential elements of the claims for which the

6

nonmovant bears the burden of proof at trial. Tex. R. Civ. P. 166a(i). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to the elements specified in the motion. *Tamez*, 206 S.W.3d at 582. Evidence raises a genuine issue of material fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam). In resolving an appeal involving either type of summary judgment motion, an appellate court is limited to the record before the trial court at the time of the summary judgment hearing. *See* Tex. R. Civ. P. 166a(c) (stating that summary judgment proof need only be "on file at the time of the hearing, or filed thereafter and before judgment with permission of the court"); *Wilkinson v. USAA Fed. Sav. Bank Trust Servs.*, No. 14-13-00111-CV, 2014 WL 3002400, at *4 (Tex. App.—Houston [14th Dist.] July 1, 2014, pet. denied) (mem. op.) ("The scope of our review is limited to the summary judgment record upon which the trial court's ruling was based.").

This appeal also requires us to review the trial court's interpretation and application of various statutes. Statutory interpretation presents a question of law subject to de novo review. *Colorado Cnty. v. Staff*, 510 S.W.3d 435, 444 (Tex. 2017). Our primary objective in statutory construction is to give effect to the legislature's intent. *Id.* We first look to the statute's text to determine the legislature's intent. *Id.* When the statutory text is clear, it is determinative of the legislature's intent. *Id.* The plain meaning of the text is the best expression of legislative intent unless a different meaning is apparent from the context, or the plain meaning leads to absurd or nonsensical results. *Id.* In that situation, we give the statute its plain meaning without resorting to rules of construction or extrinsic aids. *Id.* In determining the plain meaning of a statute, we construe the language

7

according to the rules of grammar and common usage. *Id.* "As a general principle, we eschew constructions of a statute that render any statutory language meaningless or superfluous." *City of Dallas v. TCI West End, Inc.*, 463 S.W.3d 53, 57 (Tex. 2015). When determining the ordinary and common meaning of an undefined word in a statute, we may consider a variety of sources, including dictionary definitions, judicial constructions of the term, and other statutory definitions. *Colorado Cnty.*, 510 S.W.3d at 448; *see Harris Cnty. Appraisal Dist. v. Tex. Workforce Comm'n*, 519 S.W.3d 113, 129 (Tex. 2017) ("To determine the ordinary meaning of statutory terms, we typically look first to their dictionary definitions and then consider the term's usage in other statutes, court decisions, and similar authorities.") (internal quotations omitted).

A conveyance of an interest in real property must: (1) be in writing, (2) be signed by the grantor, and (3) be delivered to the grantee. *See* Tex. Prop. Code § 5.021. In Texas, it is well-settled that title to real property will vest upon execution and delivery of the deed. *Stephens Cnty. Museum, Inc. v. Swenson*, 517 S.W.2d 257, 261 (Tex. 1974); *Thompson v. Six Shooter Enter., LLC*, 633 S.W.3d 107, 113–14 (Tex. App.—El Paso 2021, no pet.). The recording of the deed is not necessary to pass title. *Thompson*, 633 S.W.3d at 114. The recording, however, establishes a prima facie case of delivery and the accompanying presumption that the grantor intended to convey the land according to the terms of the deed. *Id.*

Although equitable title to real property passes at the time a deed is delivered, a delay in recording of the deed leaves open the possibility that the prior owner could convey the same property to a different purchaser. *See Madison v. Gordon*, 39 S.W.3d 604, 605 (Tex. 2001) (per curiam). This possibility arises because the prior owner still appears to be the current, legal owner when the subsequent purchaser searches the public record. *See id.* In such a case, like here,

8

both purchasers would claim title to the property. *See id.* Texas law settles this type of dispute over competing deeds in favor of the first to record, even where the first to record is a subsequent purchaser, so long as such deed holder qualifies as a subsequent purchaser for value. *See* Tex. Prop. Code § 13.001(a) (stating that an unrecorded real property conveyance is "void as to a creditor or to a subsequent purchaser for a valuable consideration without notice"). Section 13.001 codified the long-held position of the Supreme Court of Texas that, in cases where competing deeds on real property exist, the first deed to have been properly recorded is valid and enforceable against the other. *See Smith v. Crosby*, 23 S.W. 10, 22 (Tex. 1893); *Jackson v. Wildflower Prod. Co.*, 505 S.W.3d 80, 90 (Tex. App.—Amarillo 2016, pet. denied) (recognizing that under the notice system— "which has been in place in Texas in one form or another since 1830"—the grantee under a later deed will prevail over the grantee in a prior unrecorded deed of the same property, unless the subsequent purchaser had notice of the prior unrecorded conveyance). Section 13.001(b) creates a limited exception to the first-to-file rule by providing that an "unrecorded instrument is binding on a party to the instrument, on the party's heirs, and on a subsequent purchaser who does not pay a valuable consideration or who has notice of the instrument." *See* Tex Prop. Code § 13.001(b); *Hue Nguyen v. Chapa*, 305 S.W.3d 316, 323 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).

## II. The trial court erred when it granted appellee's motion for summary judgment.

### A. Jurisdiction

Before we reach Spears' issues on appeal, we must first address appellee's contention that we do not have jurisdiction because, according to appellee, Spears filed her notice of appeal too late. Appellee bases his jurisdictional argument on

9

the fact that the trial court granted his motion for summary judgment on Spears' causes of action on May 3, 2022, and Spears did not file her notice of appeal within thirty days of that date. *See* Tex. R. App. P. 26.1. Because the trial court's summary judgment order was not a final judgment, we disagree.

In making his jurisdictional argument appellee overlooks the fact that he had filed a counterclaim and a request for attorney's fees. Appellee's traditional motion for summary judgment did not address his own claim for affirmative relief nor his request for attorney's fees. In addition, the trial court's summary judgment order did not address those claims. Thus, the trial court's summary judgment order was an interlocutory order. *See In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005) (orig. proceeding) (explaining in a default judgment case that a judgment that does not dispose of all parties and claims is interlocutory and will not be considered final for purposes of appeal unless the intent to finally dispose of the case is unequivocally expressed in the words of the order itself). It was not until April 17, 2023, that appellee nonsuited his fraud claim and request for attorney's fees and the trial court signed an order of nonsuit. It was only then that the time began to run for Spears to file her notice of appeal. *See Curtis v. Baker*, No. 14-17-00859-CV, 2018 WL 6684263, at *3 (Tex. App.—Houston [14th Dist.] Dec. 20, 2018, no pet.) (mem. op.) (concluding this court had jurisdiction over an appeal because (1) the trial court's summary judgment order was interlocutory, (2) the party's "notice of nonsuit did not make the prior [interlocutory summary judgment] order final because the trial court did not sign an order of nonsuit," and (3) the appealing party's "appeal from the trial court's subsequent 'Final Order & Declaratory Judgment' was timely"). The time for Spears to file a notice of appeal was further extended when Spears timely filed her motion for new trial. *See* Tex. R. App. P. 26.1(a)(1) (extending deadline to file

10

notice of appeal to 90 days after the judgment is signed when a party files a motion for new trial). Spears filed her notice of appeal well within that 90-day period. We therefore have jurisdiction over this appeal.

## B. The trial court erred in granting summary judgment

Spears argues in her first issue that the trial court erred when it granted appellee's motion for summary judgment because appellee failed to prove as a matter of law that he had superior title to the 12103 Flora Morgan Lane property because the evidence was undisputed that she was the first to file her Special Warranty Deed in the Harris County Property Records and the exception found in section 13.001(b) of the Texas Property Code did not apply. We agree.

In his motion for summary judgment appellee did not dispute that he filed his 2013 Quitclaim Deed and 2015 Special Warranty Deed in the Harris County Property Records after Spears filed her 2017 Special Warranty Deed. Instead, appellee argued he held superior title to the property because the exception found in section 13.001(b) applied since Spears was both an heir of Alfonso Zapata and failed to pay valuable consideration for the property. *See* Tex. Prop. Code § 13.001(b). In the no-evidence part of his motion appellee argued that Spears had no evidence that she held superior title to the property. *See Lance v. Robinson*, 543 S.W.3d 723, 736 (Tex. 2018) ("The trespass to try title statute is typically used to clear problems in chains of title or to recover possession of land unlawfully withheld from a rightful owner and the plaintiff in such an action must establish superior title to the property." (internal quotations omitted)).

We turn first to appellee's valuable consideration argument. In her response to appellee's motion, Spears attached her own declaration as well as a declaration by Alfonso Zapata, her father and appellee's grandfather. Both declarations establish that Spears promised to pay Alfonso Zapata $100 for the 12103 Flora

11

Morgan Lane property and followed through with that promise by making the payment. In addition, Spears agreed to keep track of Alfonso Zapata's business as well as "keep up with [Alfonso] Zapata's mail and so forth."[2] Alfonso Zapata stated that once he and his wife moved back to Mexico, Spears fulfilled her promise to take care of his business here in Houston as well as his mail. We conclude this is some evidence that Spears paid valuable consideration. *See Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 496 (Tex. 1991) (stating that consideration is a present exchange bargained for in return for a promise and it can either be a benefit to the promisor or a detriment to the promisee); *Holman Street Baptist Church v. Jefferson*, 317 S.W.3d 540, 548 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) ("As long as something of real and legally cognizable value is given in exchange for a promise to pay under a promissory note, the note is supported by adequate consideration."); *Copeland v. Alsobrook*, 3 S.W.3d 598, 606 (Tex. App.—San Antonio 1999, pet. denied) (stating that consideration may consist of some right, interest, or profit, or benefit that accrues to one party or, alternatively, of some forbearance, loss or responsibility that is undertaken or incurred by the other party).

We turn next to appellee's contention that his later recorded deeds are superior to Spears' Special Warranty Deed because Spears is Alfonso Zapata's heir. *See* Tex. Prop. Code § 13.001(b) (providing that an unrecorded instrument is binding on a party to the instrument and on the party's heirs). The Property Code does not define "heir." Therefore, to resolve this part of Spears' issue on appeal

---

[2] Spears asserts on appeal that she built and paid for a house in Mexico for her father, Alfonso Zapata, and this served as additional consideration for Alfonso Zapata's transfer of the 12103 Flora Morgan Lane property to her. Spears did not, however, aver to this alleged additional consideration until she filed her motion for new trial. We therefore cannot consider this alleged additional consideration because she did not mention it in her affidavit attached to her response to appellee's motion for traditional and no-evidence summary judgment. *See Wilkinson*, 2014 WL 3002400, at *4.

we must first determine the definition of "heir."

Webster's defines "Heir" as "one who inherits or is entitled to succeed to the possession of property after the death of its owner." *See Heir*, Webster's Third New International Dictionary 1050 (1993). Similarly, Black's Law Dictionary defines "heir" as "a person who, under the laws of intestacy, is entitled to receive an intestate decedent's property." *See Heir*, Black's Law Dictionary 940 (8th Ed. 1999). Additionally, the Estates Code defines "heir" as a person who is entitled under the statutes of descent and distribution to a part of the estate of a decedent who dies intestate." *See* Tex. Estates Code § 22.015. There is evidence in the summary judgment record that, at the time the trial court granted appellee's motion for summary judgment, Alfonso Zapata was still alive. As a result, there was no "estate of a decedent," nor an "intestate decedent's property." *See Moody v. Moody*, 613 S.W.3d 707, 716 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (concluding that "there is no 'heir' in this case within the meaning of the Estates Code definition because William did not die intestate; William died leaving a will"). Therefore, Spears had not obtained the status of "heir."

Because Spears produced more than a scintilla of evidence that (1) she paid consideration for the 12103 Flora Morgan Lane property, and (2) she was not an "heir," we hold that the trial court erred when it granted appellee's traditional motion for summary judgment on (1) Spears' suit seeking to quiet title to the 12103 Flora Morgan Lane property, and (2) appellee's suit also seeking to quiet title to the same property. In addition, since Spears produced more than a scintilla of evidence that she possessed title to the 12103 Flora Morgan Lane property, we conclude that the trial court erred when it granted appellee's no-evidence motion for summary judgment on Spears' suit seeking to quiet title to the 12103 Flora Morgan Lane property. We sustain Spears' first issue in part on those claims.

## C.    Relief for Spears

Having sustained Spears' first issue in part, we must decide what relief she is entitled to.  In the prayers in both of her appellate briefs, Spears asks this court to reverse the trial court's final judgment and render judgment in her favor.  Because Spears did not file a motion for summary judgment seeking affirmative relief on her own causes of action, but instead only filed a response to appellee's motion, we have the authority only to reverse the trial court's final judgment and remand to the trial court for further proceedings.  *See Gastar Expl. Ltd. v. U.S. Specialty Ins. Co.*, 412 S.W.3d 577, 582 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) ("To avoid the application of this general rule, Gastar cites cases holding that when both parties move for summary judgment and the trial court grants one motion and denies the other, the appellate court reviews both motions and renders the judgment the trial court should have rendered.  For this exception to apply, however, both parties must have sought final judgment relief in their cross-motions for summary judgment or moved for summary judgment on the same issue." (internal citations omitted)).  The fact that Spears filed a "Motion for Reconsideration of the Court's Ruling on Defendant's Motion for Summary Judgment and Plaintiff's Motion for Declaratory Judgment" and later still a "Motion for Hearing on Briefing on Validity of Deeds" does not change this result because (1) those motions were filed after the trial court had granted appellee's motion, and (2) nothing in Spears' motions gave appellee notice that Spears was seeking summary judgment on her claims for affirmative relief.  *Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d 563, 564 (Tex. 1983) ("It is axiomatic that one may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding."); *Lesikar v. Moon*, 237 S.W.3d 361, 369 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (stating that Rule

166a's notice requirements must be strictly construed).

## CONCLUSION

Having sustained Spears' first issue as to her cause of action seeking to quiet title to the 12103 Flora Morgan Lane property and appellee's claim seeking the same relief, we reverse the trial court's final judgment with respect to those claims, affirm the trial court's summary judgment on Spears' fraud cause of action, and remand to the trial court for further proceedings.

/s/     Jerry Zimmerer
           Justice

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.