## J. L. Hume et al. v. Robert Ware.
### No. 209.

1. **Sale of Land Certificate After Patent—Equitable Title.**
  A transfer of a land certificate after patent has been issued thereon passes an equitable title to the land if the grantor had title to the land. This rule obtains equally after patent as after location and before patent........... 383

2. **Bona Fide Purchaser—Inadequacy in Price.**
  Inadequacy in the consideration will not defeat the title of an innocent purchaser without notice of an older title, unless the price be so grossly inadequate as to be suggestive that there must be a defect in the title, or that the conveyance was made for improper purposes. In such case the inadequacy would be competent to go to the jury upon the question of notice. If no notice actual or constructive be shown, title passes to a purchaser upon valid consideration, and the title can not be divested by the payment or tender, by holder of the older title, of the purchase money............. . 383

3. **Purchaser with Notice—Improvements.**
  A purchaser charged with constructive notice making valuable improvements upon the land, may recover their value if made in good faith............ 384

Questions Certified from Court of Civil Appeals for Third District, in an appeal from Travis County.

The statement and questions submitted are given in full:

The land involved in this certificate was located by virtue of duplicate certificate number 30/191, issued to the Buffalo Bayou, Brazos & Colorado Railroad Company. The date of the location is not shown, but the land was patented to said railroad company May 22, 1876.

Appellee, Robert Ware, introduced in evidence a chain of title, one link of which is as follows:

"THE STATE OF TEXAS, ⎫
　"County of Dallas,　⎬
　　　　　　　　　　　⎭

"Know all men by these presents, that I, J. M. Douglass, of the county of Tarrant, in the State of Texas, for and in consideration of the sum of ($1280) twelve hundred and eighty dollars, to me in hand paid by John R. West, of the county of Dallas, in the State of Texas, the receipt whereof is hereby acknowledged, have this day bargained, sold, and released, and by these presents do bargain, sell, release, and convey to said John R. West, the following described duplicate land certificates, to wit, number 30/191 and 30/194, class scrip, issued by Jacob Keuchler, Commissioner of the General Land Office, to the Buffalo Bayou, Brazos & Colorado Railroad Company, for 640 acres of land each, to have and to hold, all and singular, the said premises to John R. West, his heirs and assigns forever; and I, the said John M. Douglass, do hereby bind myself to warrant and forever defend the title to the said land certificates unto the said West, against any and every person whomsoever lawfully claiming or to claim the same.

"Witness my hand this the 16th day of August, A. D. 1877.

　　　　　　　　　　　[Signed]　　"J. M. DOUGLASS."

It is contended by appellants that this instrument was not admissible in evidence and passed no title to the land, because it does not purport to convey the land, but only the certificate by virtue of which the land had been located and patented; the contention being, that the transfer of a certificate, though voluntarily made and for a valuable consideration, after the certificate has been located and patented, does not convey the land to which the certificate has been applied.

On this branch of the case the following questions are certified to the Supreme Court for its decision:

"1. Does the instrument above set out convey title to the grantee therein named to the land in controversy, which had previously been patented by virtue of certificate No. 30/191, therein conveyed; and if so, was the title so conveyed to said grantee a legal or equitable title?

"2. If it be held that said instrument does not in and of itself convey the land previously located by virtue of said certificate, will it be permissible to show by other testimony that the parties thereto intended said instrument to convey the land; or on the other hand, that it was intended to convey only the certificate?"

Appellants L. Waldstein and other intervenors showed an older title than that under which appellee, Robert Ware, claims the land; both titles being equitable.

The court below held that Ware was entitled to hold the land as an innocent purchaser, the other facts essential to such equitable protection existing, although he only paid one-fourth of the value of the land;

that is to say, the land was worth $800 at the time he bought, and he only paid $200 for it.

At the time of the trial, the land without the improvements was worth $1600. The improvements made by Ware in good faith were found to be worth $515; the use of the land during his occupancy (without improvements), about $125.

The appellants offered to refund the purchase money paid by Ware, but did not offer to pay for the improvements, except that they asked, if Ware was entitled to protection as an innocent purchaser, that the court fix an amount of money to be paid him, and make it a lien on the land.

On this branch of the case the following questions are certified to the Supreme Court for its decision:

"1. When it is shown that a defendant, claiming the right to hold land as an innocent purchaser without notice, has paid a great deal less for the land than it was worth at the time he bought it, and the plaintiff offers to refund the purchase money and the defendant has made no improvements on the land, is he entitled to hold the land and defeat the plaintiff's right of recovery?

"2. If the foregoing question be answered in the negative, then would the fact that the defendant has in good faith made valuable improvements on the land defeat the plaintiff's right to recover?"

*R. C. Walker*, for appellants L. Waldstein et al.—1. When a land certificate has been located and patented, the certificate, on the issuance of the patent, becomes functus officio, and a conveyance which purports to convey the certificate after it has been located and patented, and which does not purport to convey the land itself, does not pass any title to the land either legal or equitable. East v. Dugan, 79 Texas, 329.

2. On the issuance of the patent to the original grantee of a land certificate, the legal title passes by estoppel to the owner of the certificate. Satterwhite v. Rosser, 61 Texas, 172; Adams v. House, 61 Texas, 639; Capp v. Terry, 75 Texas, 391; Johnson v. Newman, 43 Texas, 642; Harmer v. Moulton, 138 U. S., 486.

3. A land certificate is personal property, and a subsequent purchaser from the same vendor can not be protected as an innocent purchaser against those who may own the legal title to the certificate unless in cases of estoppel. Dodge v. Litter, 73 Texas, 319; Stone v. Brown, 54 Texas, 330; Dodge v. Arnold, 28 Texas, 100; Newmark on Sales, sec. 170.

4. In order to be protected as a bona fide purchaser for value, without notice, the purchaser need not have paid a full price for the land, but he must have paid a fair and reasonable price, and a purchaser who paid only one-fourth the reasonable market value of the land, at

the time he bought it, is not entitled to protection as an innocent purchaser. Durst v. Dougherty, 81 Texas, 651; Fraim v. Frederick, 32 Texas, 294; 16 Am. and Eng. Encyc. of Law, 828; Wade on Notice, secs. 23, 24; Tiedm. on Com. Paper, sec. 291; Fullenwider v. Roberts, 4 Dev. & B. (N. C.), 278; Worthy v. Caddell, 76 N. C., 682; Spicer v. Waters, 65 Barb. (N. Y.), 227; Peabody v. Fenton, 3 Barb. Ch., 451; Eck v. Hatcher, 58 Mo., 235; Hoppin v. Doty, 25 Wis., 573; Doe v. Routledge, Cowp., 705; Metcalf v. Pulvertoft, 1 Ves. & B., 183.

*D. W. Doom*, for appellee.—The sale of the land certificate by J. M. Douglass to John R. West by deed of conveyance in writing operated to convey the land located by virtue of the certificate. Simpson v. Chapman, 45 Texas, 560; Hearne v. Gillett, 62 Texas, 23; Renick v. Dawson, 55 Texas, 102; Baker v. De Zavalla, U. C., 621.

BROWN, Associate Justice.—The land in controversy was located by virtue of certificate number 30/191, class scrip, issued to the Buffalo Bayou, Brazos & Colorado Railroad Company. When it was located does not appear. The patent issued May 22, 1876. J. M. Douglass transferred the certificate to John R. West, August 16, 1877. The statement accompanying the certified questions does not show how Douglass claimed the land or certificate.

"Question 1. Does the instrument above set out (the transfer from Douglass to West of the certificate not necessary to copy) convey title to the grantee therein named to the land in controversy, which had been previously patented by virtue of certificate number 30/191 therein conveyed; and if so, was the title so conveyed to said grantee a legal or equitable title?

"Question 2. If it is held that the instrument does not in and of itself convey the land previously located by virtue of said certificate, will it be permissible to show by other testimony that the parties thereto intended said instrument to convey the land; or on the other hand, that it was intended to convey only the certificate?"

The transfer of the certificate conveyed to the grantee an equitable title to the land located by virtue thereof if the grantor had title to the land. Lewis v. Johnson, 68 Texas, 448; Simpson v. Chapman, 45 Texas, 566; Hearne v. Gillett, 62 Texas, 25; Thompson v. Langdon, decided at present term of this court (ante, p. 254). It is true that all of the cases cited were instances of transfer of the certificate after location but before patent; but we can see no difference in principle between those and the present case. When the certificate was located it became merged in the land, and it was no more a part of the land after than before patent. It is not intended to overrule East v. Dugan, 79 Texas, 329, which is distinguishable from this case in the fact that in that case the certificate was sold by the order of the Probate Court,

after the patent issued to the land. The law requires that the order of the Probate Court shall describe the land which is ordered to be sold, and it must be advertised twenty days, and sold on the first Tuesday in the month at the court house door. Some of the proceedings for the sale of real and personal property are so radically different that it would be impossible to hold consistently that a sale of that which is regarded as personal property under probate proceedings would convey real estate. It is unnecessary to discuss the distinguishing features further at this time.

We gather from the statement made in connection with the questions that the intervenors acquired an equitable title to the land before the transfer of the certificate to Douglas, who transferred to West. West bought for valuable though inadequate consideration, but without notice of the prior equitable title, except in so far as the inadequacy of price might put him upon notice. Intervenors sought to recover by returning to West his purchase money and value of improvements; at least expressed a willingness to pay what the court might adjudge. The following questions are certified upon this branch of the case:

"1. When it is shown that a defendant claiming to hold land as an innocent purchaser without notice has paid a great deal less for the land than it was worth at the time he bought it, and plaintiff offers to refund the purchase money, and the defendant has made no improvements on the land, is he entitled to hold the land and defeat the plaintiff's right to recover?

"2. If the foregoing question be answered in the negative, then would the fact that the defendant has in good faith made valuable improvements upon the land defeat the plaintiff's right to recover?"

A subsequent purchaser, in order to be entitled to protection, must not only pay a valuable consideration without notice, but he must be a purchaser in good faith. The consideration need not be what is an adequate consideration or the full value of the property. Inadequacy of price may be shown upon the issue of good faith. Wilson v. Denton, 82 Texas, 531. That is, if the price paid was so grossly inadequate that it would call attention to the fact that there must be some defect in the title, or that the conveyance was made for improper purposes, as to defraud creditors, this might be submitted as a question of fact to the jury upon the question of notice; that is, knowledge of such fact as would put a prudent man upon inquiry. If there should be held to be notice, actual or constructive, then the purchaser would get no title, but it would remain with the holder of the older title. If, however, the facts are such that the title passes, then it can not be divested by payment of the price paid. Neither would the fact that a purchaser with notice has made valuable improvements defeat the former title, although the notice might not be actual, but constructive.

A subsequent purchaser might be so charged with constructive notice as to defeat his title and yet act in good faith, and be entitled to recover for his improvements.

Delivered December 10, 1894.