**WEBB et al. v. GOLDSMITH. (No. 2259.)**

(Court of Civil Appeals of Texas. Texarkana. April 1, 1920.)

1. **Trespass to try title ⬿38(1)—Burden of prima facie showing title is on plaintiff.**

In a suit of trespass to try title in the statutory form, plaintiff has burden of prima facie showing that he has title to the land.

2. **Public lands ⬿178(3)—Sale of certificate by administrator after land has been located void.**

A sale by an administrator of a certificate after it has been located by virtue of a duplicate of the certificate will not pass the title to the land.

3. **Public lands ⬿175(2)—Certificate may be located by a survey.**

A survey of land by virtue of a certificate is a location of the certificate within the rule that a sale by an administrator of a certificate after it has been located will not pass the title to the land, notwithstanding Act Aug. 30, 1856 (article 4573, Pasch. Dig.), authorizing tne location of public land by entry.

4. **Public lands ⬿175(6)—Errors in field notes as to distances between points identified by calls held not to invalidate location.**

Where certificate was located by a survey, errors in field notes as to distances on the ground between points identified by the calls did not affect validity of the location.

Appeal from District Court, Leon County; Ben H. Powell, Judge.

Suit by I. Goldsmith against A. B. Webb and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

This was a suit of trespass to try title, in the statutory form, brought by appellee against appellants. The land in controversy was 500 acres of a tract of 8,175,155 square varas in Leon county, surveyed by virtue of a duplicate certificate No. 447 for a league and labor issued to Joseph Beaty March 21, 1838. The tract was patented to said Beaty October 29, 1874. Appellants' answer to the suit was a plea of "not guilty." The trial was to the court without a jury. It appears from the record that the duplicate certificate was issued October 28, 1868, on proof made that the original certificate had been lost, and it does not appear that said original certificate was never in fact lost, nor, it having

been lost, that it was ever afterwards found. And it does not appear that appellee or appellants, or any of them, were ever in actual possession of the land. The appeal is from a judgment in appellee's favor.

B. D. Dashiell, of Jacksonville, Wm. Watson, of Centerville, and Gardner & Hopkins, of Palestine, for appellants.

W. D. Lacey, of Normangil, and Lewis & Dean, of Navasota, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] In an effort to discharge the burden which rested upon him to show, prima facie at least, that he had title to the land (Atkinson v. Shelton, 160 S. W. 316), appellee proved that certificate No. 447, issued to Joseph Beaty, was conveyed to John McKinney September 2, 1839, and then proved that on April 30, 1874, the administrator de bonis non of McKinney's estate sold and, as directed by the probate court, conveyed said certificate to S. W. Weaver, whose title he (appellee) had acquired.

[2] The conclusion of the trial court that the effect of the conveyance by the administrator was to pass the title to the land in controversy to Weaver is attacked as erroneous, because it appeared, appellants insist, that before said conveyance was made the land had been located by virtue of a duplicate of said certificate No. 447. If it did so appear, then the contention must be sustained, for it is settled by decision of the Supreme Court "that a sale by an administrator of a certificate after it has been located," quoting the language of Chief Justice Gaines in Thompson v. Langdon, 87 Tex. 259, 28 S. W. 935, "will not pass the title to the land." East v. Dugan, 79 Tex. 329, 15 S. W. 273; Hume v. Ware, 87 Tex. 383, 28 S. W. 935; Whittaker v. Thayer, 48 Tex. Civ. App. 508, 110 S. W. 788; Lubbock v. Binns, 20 Tex. Civ. App. 401, 50 S. W. 586.

As establishing their contention appellants point to the parts of the record which show that a survey of the land was made December 2, 1872, by virtue of the duplicate certificate; that field notes of the survey were returned to and filed in the General Land Office March 25, 1873; that the survey was corrected by field notes made July 13, 1874, and again by field notes made September 3, 1874; and that the survey as corrected by the field notes last mentioned was patented October 29, 1874.

Combating appellants' contention, appellee insists that under the statute then in force, to wit, Act Aug. 30, 1856 (article 4573, P. D.), a survey of land by virtue of a certificate was not a "location" of the certificate within the meaning of the decisions of the Supreme Court referred to above. The argument is that by force of said Act Aug. 30, 1856, a land certificate could be "located" in no other

way than by filing it, with an application for a survey of described land, with the surveyor.

[3] We think the provisions of the act itself are a satisfactory answer to the argument. Declaring it to be the duty of the surveyor to keep in his office a "book as a register of entries" and to register therein "entries or applications for land in his county," the act directed him to—

"require the applicant to file his land certificate or scrip or other legal evidence of title to land, together with a written entry or application particularly describing the claim to be surveyed, the date of the entry or application, and the land applied for, in his office, which he shall not allow to be taken from thence, until the same is returned, together with the field notes, to the General Land Office; but the survey shall be made by a copy of the entry, and strictly in accordance with the same: provided, that nothing in this act shall be so construed as to prevent holders of certificates or scrip from having the same surveyed without entry. But such survey shall not have a preference, or give any right over a location or entry of the same land previously made in the proper office."

It is plain, we think, that the purpose of the Legislature in authorizing the location of public land by "entry" was not to provide an exclusive way, but another way than by a survey thereof, for the owner of a land certificate to effectually appropriate public land to the satisfaction of such certificate. The Supreme Court, construing said Act Aug. 30, 1856, expressly held in Ward v. Conner, 33 Tex. 549, that—

"Either a survey, actually made, or a file in the district surveyor's office, is a legal preliminary step towards acquiring title to the land."

And under the statute after it had been so amended as to eliminate the proviso declaring it was not to be so construed as to prevent holders of certificates from having same surveyed without entry, the court held in Eyl v. State, 37 Tex. Civ. App. 297, 84 S. W. 607, that the failure of the owner—

"to make a written entry or application * * * would be an irregularity which would not render void the location and survey made by the surveyor by virtue of said certificate."

And see Compton v. Hatch, 135 S. W. 1052.

[4] Appellee argues as another reason why the survey made December 2, 1872, was not a "location" of the certificate the fact that the survey as then made was an incorrect one, and was not corrected so as to properly describe the land until September 3, 1874, which was after said certificate No. 447 had been conveyed by McKinney's administrator to Weaver. An examination of the field notes shows that the calls therein included the land as finally surveyed and patented,

and that the inaccuracies were merely as to distances on the ground between points identified by the calls. It is clear that such errors in field notes did not warrant a holding that the survey evidenced by same was not a valid location of the land.

The conclusion reached that appellee failed to show that he had title to the land necessitates a reversal of the judgment, and probably warrants the rendition here of judgment that he take nothing by his suit; but we think the cause, instead, should be remanded to the court below for a new trial, and an order to that effect will accordingly be entered here.