### SMITH v. SMITH et al.

#### No. 5812.

Court of Civil Appeals of Texas. Amarillo.
Oct. 6, 1947.

Rehearing Denied Nov. 10, 1947.

Reeder & Reeder, of Amarillo, for appellant.

Riley Strickland, of Amarillo, for appellees.

STOKES, Justice.

This is a suit for partition of real estate, instituted by the appellant, R. Frank Smith, against six of his children including the appellee, Mrs. Zoe Wisdom. Four of the defendants executed quitclaim deeds to appellee and the fifth disclaimed all interest in the property involved. There was one other daughter of appellant, Mrs. F. R. Staples, but she was not made a defendant for reasons that will hereinafter appear. The suit was for partition of lots Nos. 33 and 34 in block No. 323 of the Mirror Addition to the City of Amarillo. Appellee filed an answer which contained denials of certain allegations and a cross-action against appellant in trespass to try title, contending that the entire property sought to be partitioned by him belonged to her and she prayed for judgment for the title and possession thereof. The case was submitted to the court without the intervention of a jury and resulted in a judgment in favor of appellee, to which appellant duly excepted and gave notice of appeal.

It was shown by the evidence that on September 26, 1925, appellant purchased the property and it immediately became the homestead of himself and his family. On June 13, 1928, by general warranty deed, reciting a consideration of $1 and other good and valuable considerations, appellant, without the joinder of his wife, conveyed the property to his daughter, Mrs. F. R. Staples. It was shown by uncontradicted evidence that this deed was intended as a mortgage to secure Mrs. Staples in the repayment of the sum of $160 which she advanced to appellant. On December 13, 1939, Mrs. Staples and her husband conveyed the property to the appellee by general warranty deed, which recited $10 as the consideration; and on September 7, 1944, Mrs. Staples and her husband executed a quitclaim deed whereby they conveyed all of their right, title and interest in the property to the appellant, R. Frank Smith, reciting $1 as the consideration.

Appellant contends by proper assignments of error that the court erred in decreeing the property to the appellee because at the time she procured the deed from Mrs. Staples, she had notice of the fact that Mrs. Staples did not own the property, or, if she did not have actual knowledge of it, then she was in possession of facts which required her to make a reasonable investigation of the title and, if she had done so, she would have ascertained the fact that the title to the property did not pass from appellant to Mrs. Staples by the deed executed by him but that it was intended to be, and was a pretended mortgage of his homestead and was, therefore, of no effect whatever.

Both appellant and Mrs. Staples testified that in June, 1928, when appellant executed and forwarded to Mrs. Staples the deed purporting to convey the property to her, appellant informed Mrs. Staples he was in stringent circumstances and badly in need of a loan in the sum of $160; that he requested her either to send the money to him or, if she was not in position immediately to do so herself, that she use the deed as security and procure a loan for him; and that it was agreed between them that, when he repaid the loan, she would reconvey the property to him. This testimony was uncontradicted by any other witness and it shows conclusively that the deed executed by appellant to Mrs. Staples was intended to be, and in effect was, an attempted mortgage of appellant's homestead. As between them, therefore, it was void and did not convey the title to Mrs. Staples.

The evidence shows, and the court found, that the consideration for the conveyance by Mrs. Staples and her husband to Mrs. Wisdom was that the latter would pay the outstanding indebtedness against the property, repair, and enlarge the improvements thereon and take care of their Mother, wife of appellant, who was in delicate health, and that appellee performed her agreements as to such matters. The court further found that appellee had no knowledge of

any agreement between appellant and Mrs. Staples to the effect that the deed executed by him to Mrs. Staples was intended as a mortgage. No finding was made upon the question of constructive notice nor of circumstances existing of a nature sufficient to put appellee upon inquiry as to the nature of the transaction between appellant and Mrs. Staples. Mrs. Staples testified that, at the time she conveyed the property to appellee, she told appellee that it did not belong to her. On cross-examination she testified that the information she gave to appellee was by letters and that she could not say whether she directed the letters to appellee or to their Mother, but appellee testified that she was the one who approached Mrs. Staples about conveying the property to her and that there was considerable correspondence between her and Mrs. Staples concerning the matter. She testified that she did not see in the letters any statement of Mrs. Staples that the property did not belong to her but she said she did not remember the correspondence. Neither appellee nor any other witness contradicted the statement of Mrs. Staples that, in the correspondence, she told appellee the property did not belong to her. We think this statement alone was sufficient to charge appellee with knowledge that Mrs. Staples did not acquire the title to the property through her deed from the appellant, but the evidence reveals other circumstances and conditions which were entirely sufficient to constitute constructive notice and put appellee upon inquiry as to the validity of the deed from appellant to Mrs. Staples. It was shown that, with the exception of a few weeks, appellant and his wife had occupied the property continuously from 1925 until appellee procured the deed from Mrs. Staples on December 13, 1939; that appellee had lived there with her parents a great deal of the time; and that she was living there with them when she procured the deed from her sister, Mrs. Staples. Mrs. Smith died July 25, 1940, and appellant continued to occupy a room in the house and appellee occupied the other rooms continuously up to the date of the trial. The only circumstance shown by the record which could have excused appellee from the duty of making inquiry concerning the title to the property is the fact that in 1928 appellant sojourned for about three months in Hutchinson County where he operated a small business in the new oil field there. Appellant's wife spent a portion of the time with him in Hutchinson County and the home in Amarillo was rented to other parties. During this time, appellee visited them in Hutchinson County and she now claims that her knowledge of the fact that her parents were living in Hutchinson County at that time was sufficient to warrant her in concluding that appellant's recorded deed to Mrs. Staples was a bona fide conveyance and that he had the right and authority to sell and convey the homestead of himself and his wife without the wife's joinder in the deed.

■ As we have stated, appellee procured the deed from Mrs. Staples on December 13, 1939, which was more than ten years after she visited her parents in Hutchinson County, and they had continuously resided upon the property during all that time. In our opinion, the great length of time in which appellant and his wife occupied the premises after appellant executed the deed and purported to convey it to Mrs. Staples was sufficient to put appellee upon inquiry as to the nature of the transaction between them. We are also of the opinion that the information given to appellee by Mrs. Staples at the time she executed the deed to appellee, that is, that the property did not belong to Mrs. Staples, was sufficient to put appellee upon inquiry as to the nature of the transaction. Certainly, we believe, both of these things were amply sufficient to charge appellee with constructive notice that the deed to Mrs. Staples was not genuine and did not convey the title. Haley v. Sabine Valley Timber and Lumber Co., Tex.Civ.App. 150 S.W. 596; Anderson v. Barnwell, Tex.Civ. App., 52 S.W.2d 96; Rogers v. White, Tex. Civ.App., 194 S.W. 1001.

■ The deed executed by Mrs. Staples to appellee recited a consideration of $10 and other valuable considerations. Mrs. Staples testified, without contradiction, that appellee did not pay the $10 nor any part of it. It was further shown that, after receiving the deed from Mrs. Staples, appel-

lee compromised and discharged three vendor's lien notes that had originally been executed by appellant as purchase price of the property, all of which had been barred by the statutes of limitation for more than six years when she procured the deed. Shortly after receiving the deed, appellee placed mechanic's and deed-of-trust liens upon the property by means of which she made extensive improvements and provided more and better living quarters for herself and her father and mother, all of which she claims were made in good faith and without any knowledge that her title to it was not good or that the deed from appellant to Mrs. Staples was not a genuine, bona fide conveyance. But appellant testified, without contradiction, that he protested making the repairs and improvements and told appellee that he did not want a mortgage placed upon his home and that the notes were barred by limitation. He said he told her that there was ample room and they were getting along nicely and that, while the notes were barred and their payment could not be enforced, still it was his intention to pay them when he was able to do so. When this protest was made and appellant expressed to appellee his objection to a lien or mortgage being placed upon his home, he in effect told her that he still claimed it as such, regardless of the fact that he had, more than ten years before, conveyed it to Mrs. Staples. At that time she had not paid any money or other consideration whatever for the property. She had not become legally liable to pay the outstanding notes that were barred by limitations and she could not, therefore, be an innocent purchaser for value. Hume v. Ware, 87 Tex. 380, 28 S.W. 935; English v. Plumlee, Tex.Civ.App., 291 S.W. 922.

There can be no serious question that, if appellee had instituted and conducted the lightest investigation, she could easily have ascertained the fact that the deed executed by appellant to Mrs. Staples did not convey the title but was intended only as a mortgage. She lived at Amarillo and in the home with her father and mother a great portion of the time. Moreover, she was familiar with the address of her sister, Mrs. Staples, who lived in California, was then conducting correspondence with her, and could easily have ascertained from her the facts concerning the transaction.

In his deed to Mrs. Staples appellant inserted the statement that the property did not constitute his homestead and it was, therefore, not necessary for his wife to join him in the deed. Appellee contends that appellant is now estopped to deny the truth of the statement or to claim the property was his homestead at the time. While the statement was false and should not have been placed in the deed by appellant, still we fail to find in it the essential elements of estoppel in this case. Even if appellee had been so credulous as to accept as true the false statement as against the continued occupancy of the property by appellant and his wife for the great length of time shown by the record, the fact that she was informed by Mrs. Staples at the time the latter conveyed the property to her that it did not belong to Mrs. Staples was sufficient to put her upon inquiry as to the truth of the statement in the deed. Certainly, if she was informed it did not belong to Mrs. Staples, she should immediately have become concerned to know the name and whereabouts of the person to whom it did belong. Moreover, as we have said, she had not paid any money or other consideration for the property when she was informed by appellant that he was still claiming it as his home and protested the making of repairs or improvements, or encumbering it with mortgages or liens. Incidentally, the record shows she was repaid most, if not all, of the money she paid out for these in rents which were afterwards paid to her by tenants to whom she rented the house or portions of it after the improvements were made.

Appellee contends that, under the rule announced in Eylar v. Eylar, 60 Tex. 315, she was not required to pursue an inquiry beyond the deed records of the county and that, the deed from appellant to Mrs. Staples being of record there, his continued possession of the property constituted no notice to her that the deed was other than what it purported to be. The grantor in the deed involved in the Eylar case had remained in possession less than six months after executing the deed and it is true that

no court in this State has placed a limit upon the time such occupancy might continue without raising a suspicion as to the genuineness of his deed; but we think it is safe to say that it cannot continue indefinitely. Here, it had continued uninterruptedly for more than ten years. During a large portion of that time appellee resided in the same town and community and part of the time she lived in the house with appellant and her mother. When she was informed by Mrs. Staples that the property did not belong to Mrs. Staples, and she knew that her father had owned it many years and was still in possession of it, and that there could be no reason why it did not belong to Mrs. Staples except that, for some reason, the deed from appellant to her had not conveyed it, it would be naive indeed to conclude that appellee was relieved by the rule anounced in Eylar v. Eylar from making inquiry further than to consult the deed records of Potter County.

In our opinion, the court erred in holding that appellant was estopped to deny the truth of the false statement in his deed and that appellee was an innocent purchaser of the property and that, under the evidence revealed by the record before us, she was entitled to have it decreed to her. The judgment will, therefore, be reversed and the cause remanded.