W. A. Berry et al. v. E. M. House et al.

No. 57.

**1. Conspiracy to Acquire Title—Case in Judgment.—**Appellees had the superior title to the land sued for, but one deed in their chain of title, from the heirs of Walker to Garwood, was first recorded in 1870, destroyed by fire in 1873, and rerecorded in 1890. Appellants' title was, deed from Steinle as attorney for the Walker heirs to Cremer in 1889, Cremer to Thulemeyer in 1890, Thulemeyer to Berry. Steinle and Thulemeyer were both land agents, with notice of appellees' title, and in the pleadings were charged with a conspiracy to deprive appellees of the land and to acquire it themselves; and it was claimed that Cremer was not an innocent purchaser, because he had bought on a credit and only paid $150 of the consideration, and gave his notes for $1990, which were afterward assumed by Thulemeyer, to whom he made a deed. Thulemeyer first tried to sell as agent of Cremer, and afterward as owner, and thereafter Steinle wrote to Berry that the land had reverted to him. Under these facts judgment for the appellees was affirmed.

**2. Evidence of Notice.—**The evidence as to the notoriety of the defendants' claim and ownership of the land, in the neighborhood where it was situated, was properly admitted to show Steinle's and Thulemeyer's knowledge of the facts.

**3. Conspiracy to Acquire Title — Intervening Innocent Purchaser.—**The series of conveyances through which Steinle and Thulemeyer ultimately procured deeds to themselves is to be regarded as constituting a single transaction, characterized and vitiated by the general purpose which actuated them. No strength is added to their claim by the interposition of a third party, whether he knew of their purpose or not. His purchase is to be regarded as made for them, and their knowledge affected the transaction to which he was a party. On the facts found, the rule that a purchaser without notice from a vendor with notice is protected, and a purchaser with notice from a vendor without notice is also protected, does not control.

Appeal from Madison. Tried below before Hon. Norman G. Kittrell.

The opinion, together with the following from the record, sufficiently state the case:

Steinle and Thulemeyer are both land agents. Thulemeyer first tried to sell to Berry as agent of Cremer, afterward as owner, and later still Steinle wrote to Berry that the land had reverted to him. Cremer was 20 years old when he purchased the land, and lived in Austin. The twenty-first conclusion of fact by the trial judge was, that Thulemeyer and Steinle acted together in a plan to put Cremer between them and the true owner, in the attitude of an innocent purchaser, technically. Whether he was knowingly a party to the plan or not I can not say, but incline to the view that he was. Soon after Cremer obtained his majority, Thulemeyer, with a full knowledge of all the facts, and as a part of a preconcerted scheme to unlawfully acquire the land, took a conveyance from Cremer, and assumed his notes.

*West & McGown*, for appellants.—1. Appellant Cremer being a bona fide purchaser for value, and without notice of any title in appellees, title was properly vested in him at the time of his purchase, and Berry and Thulemeyer, his coappellants, claiming under him, likewise obtained title superior to that of appellees. Solomon v. Huff, 15 S. W. Rep., 257; O'Neal v. Pettus, 79 Texas, 254; Fitch v. Boyer, 51 Texas, 336.

2. The recitals in Garwood's deed to House, on record at the time Cremer purchased, viz., " the same land conveyed to J. L. Garwood by Seth R. Walker, dated August 2, 1870, and recorded in Madison County, in book C, page 714," not being in appellant Cremer's chain of title, was not constructive notice, and would not therefore bring notice home to Cremer. Holmes v. Buckner, 67 Texas, 113; Box v. Word, 65 Texas, 159; Thompson v. Westbrook, 56 Texas, 265; Watson v. Chalk, 11 Texas, 89.

*Z. T. Fulmore*, for appellees.—1. Appellant Cremer having paid only $150 of the purchase money ($2140.20) before actual notice of plaintiffs' title to the land in controversy, was not an innocent purchaser. Hawley v. Bullock, 29 Texas, 222; Batts & Dean v. Scott, 37 Texas, 63; Fletcher v. Ellison, 1 Posey's U. C., 671; Am. Encyc. of Law, 444, and authorities.

2. Cremer, using no diligence which an ordinarily prudent man under the same circumstances would have used, is chargeable with whatever he might have found out by going to the neighborhood of the land, or examining the records, or inquiring of some one disinterested as to the value, any of which would have given him actual notice of House's title to the land, and is not in the attitude of an innocent purchaser. Littleton v. Giddings, 47 Texas, 109; 23 Texas, 443; Watkins v. Edwards, 23 Texas, 443; 25 Texas, 275; 26 Texas, 273, 332, 747; 29 Texas, 223; 34 Texas, 451; 36 Texas, 669; 37 Texas, 63; 39 Texas, 42, 599; 44 Texas, 263; 48 Texas, 75; 51 Texas, 213; 53 Texas, 243; 56 Texas, 267; 58 Texas, 226; 60 Texas, 153, 319; 67 Texas, 664; 1 Posey's U. C., 213, 257, 671.

WILLIAMS, ASSOCIATE JUSTICE. — In the trial below of this case, which is an action of trespass to try title by appellees, to recover of appellants the east half of the Fred Schrack one-third of a league of land in Madison County, both parties claimed under S. R. Walker, and appellees relied on the following evidences of title:

Deed from S. R. Walker to J. L. Garwood, August 2, 1870, first recorded September 27, 1870, and recorded a second time February 24, 1890, the first record having been burned in 1873.

Deed from Garwood to T. W. House, July 10, 1875, recorded December 20, 1875.

Inheritance of appellees from T. W. House, whose heirs they are shown to be.

Appellants' chain of title is as follows:

Power of attorney from the heirs of S. R. Walker (coupled with an interest) to G. A. Steinle, November 2, 1889, recorded December 4, 1889, authorizing sale and conveyance of the land in suit.

Deed from such heirs by Steinle, attorney in fact, to S. R. L. Cremer, December 27, 1889.

Deed from Cremer to W. L. Thulemeyer, December 20, 1890.

Appellant Berry claims under Thulemeyer.

Appellants also relied on proof, offered by them, that Cremer bought from Walker's heirs for a valuable consideration, without notice of the prior conveyance from Walker to Garwood. As will be seen from the above statement, when Cremer received his deed the record of Garwood's deed had been burned, and it had not been rerecorded.

Appellees relied upon circumstances to show that Cremer was chargeable with notice of their title; and further, that Steinle and Thulemeyer, knowing that appellees had the title to the land, entered into a conspiracy to deprive them of it and to acquire it for themselves, through the medium of Cremer, an ostensibly innocent purchaser.

The court below found in appellees' favor upon the latter ground, holding, that while Cremer denied knowledge of the title in them, and paid Steinle $150 in cash, and gave him two notes for $995 each, for the land, he was in fact an instrument used by Steinle and Thulemeyer to thus take from appellees their property. It was shown, and the court found, that Cremer conveyed the land to Thulemeyer for $300 cash and the assumption by the latter of the notes given by the former to Steinle, and that the land had since reverted to Steinle. There was other evidence upon which the court based its conclusion, and the question made by appellees is whether or not this finding was warranted by the proof.

We have fully considered the evidence contained in the record, and have come to the conclusion that the finding in this particular is sustained. It is unnecessary, and would be unprofitable, for us to enter upon a discussion of the facts.

The evidence as to the notoriety of appellees' ownership and claim of the land in the neighborhood where it was situated was properly admitted and considered by the court. It was a proper circumstance, tending to show Steinle's and Thulemeyer's knowledge of the fact.

Upon the facts found there can be no doubt that the judgment rendered was the proper one. The series of conveyances through which Steinle and Thulemeyer ultimately procured deeds to themselves is to be regarded as constituting a single transaction, characterized and vitiated by the general purpose which actuated them. The interposition of a third person, as one of their instruments, can not add any strength to their claim, whether he knew of their purpose or not. His purchase is to be regarded as having been made for them, and their knowledge affected the

transaction to which he was a party. The principle that an innocent purchaser from one having knowledge of a prior unrecorded deed, and that one who buys from an innocent purchaser, though himself having notice, takes good titles, are fully recognized, but they do not control this case, for the reasons given.

This disposes of the case and renders a discussion of the other findings of the court unnecessary.

The judgment is affirmed.

*Affirmed.*