## L. S. STRONG ET AL. V. MANUEL STRONG ET AL.

No. 6704. Decided December 2, 1936.
Rehearing overruled January 13, 1937.
(98 S. W., 2d Series, 346.)

*McCartney & McCartney,* of Brownwood, *H. A. Leaverton*

and *Bramlette & Meredith,* all of Longview, for plaintiffs in error.

The evidence showing that the Sun Oil Company was put on notice or inquiry concerning the rights of the plaintiffs, by the common reputation and understanding in the community where the land involved in this suit is located that the plaintiffs claimed an interest in said land, it was put upon inquiry and could not be declared an innocent purchaser. Berry v. House, 21 S. W., 711; Houston Oil Co. v. Choate, 232 S. W., 288; Kugar v. Garner, 74 Ga., 765; Dickerson v. Christman, 28 Mo., 139.

*Wynne & Wynne,* and *T. B. Stinchomb,* of Longview, *J. W. Timmins, Joiner Cartwright, C. A. Toler, Martin A. Row* and *T. L. Foster,* all of Dallas, and *Ben H. Powell,* of Austin, for defendants in error.

Where the owner and holder of the legal title is himself in possession of the land, the possession of another will be presumed to be in subordination to that of the holder of the legal title, and the possession of the children of the owner is not notice to the Sun Oil Company of any right or claim that they might have in the land. Paris Grocery Co. v. Burke, 101 Texas, 106, 105 S. W., 174; Ramirez v. Smith, 94 Texas, 184, 59 S. W., 258; Eylar v. Eylar, 60 Texas, 315; Barnett v. Squyers, 93 Texas, 193, 54 S. W., 241, 77 Am. St. Rep., 854.

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Plaintiffs in error, the children of defendant in error Manuel Strong and his first wife, Nancy, sued Manuel Strong, his second wife, Minnie, and Sun Oil Company, defendants in error, for the title to an undivided 15/32 interest in a 50.5 acre tract land in Gregg County and for partition. The land was community property of Manuel Strong and his first wife, acquired and conveyed to him during their marriage, and plaintiffs in error claim title as heirs of their mother. Manuel Strong and his second wife, Minnie, admitted the allegations of plaintiffs in error's petition and joined in the prayer for relief therein. Sun Oil Company asserted its ownership of the oil and gas in the 50.5 acre tract under an oil and gas lease executed by Manuel Strong and his second wife to one N. M. Wilson and by Wilson assigned to it.

The jury in answer to a special issue found that plaintiffs had failed to show that Sun Oil Company did not pay an adequate consideration when it acquired the lease from Wilson,

but no answer was made to a special issue which submitted the question whether the facts and circumstances in evidence were reasonably sufficient to put Sun Oil Company on inquiry as to the title and claims of plaintiffs to the land, and no answer was made to a special issue submitting the question whether Sun Oil Company was a purchaser in good faith. The trial court, notwithstanding the failure of the jury to answer such issues, rendered judgment that plaintiffs take nothing as against Sun Oil Company. The Court of Civil Appeals affirmed the judgment of the trial court, holding that the evidence did not raise the unanswered issues. 66 S. W. (2d) 751.

■ The Court of Civil Appeals correctly held, in the learned opinion by Chief Justice Johnson, that Sun Oil Company is entitled to protection as an innocent purchaser of the oil and gas in the land through and under the lease executed by Manuel Strong, who had the legal title, against the community interest or title of plaintiffs in error (which in determining the question of bona fide purchase is regarded as an equitable interest or title), unless there is wanting one of the three elements essential to constitute it an innocent purchaser—valuable consideration, absence of notice and good faith. See: Gilmore v. O'Neil, 107 Texas, 18, 173 S. W., 203; Deaton v. Rush, 113 Texas, 176, 197, 252 S. W., 1025; Pure Oil Co. v. Swindall (Com. App.), 58 S. W. (2d) 7; Edwards v. Brown, 68 Texas, 329, 4 S. W., 380, 5 S. W., 87; Patty v. Middleton, 82 Texas, 586, 17 S. W., 909; Houston Oil Co. v. Hayden, 104 Texas, 175, 135 S. W., 1149; Mitchell v. Schofield, 106 Texas, 512, 171 S. W., 1121; Elliott v. Wallace (Com. App.), 59 S. W. (2d) 109; Howard v. Commonwealth Building & Loan Association (Com. App.), 94 S. W. (2d) 144.

The first assignment of error presents the contention that evidence in the record of the existence in the community where the land is situated of notoriety or general reputation that plaintiffs in error had an interest in the land would have supported an affirmative answer to the issue submitting the question whether the facts and circumstances in evidence were reasonably sufficient to put Sun Oil Company on inquiry as to the title and claims of plaintiffs in error.

Several witnesses testified that it was commonly known in the community where the land is situated that plaintiffs in error had an interest in the land. There was no evidence showing or tending to prove that anyone representing Sun Oil Company knew of the existence of such common knowledge or reputation or that any representative of Sun Oil Company was

so situated that he would or should learn of such common knowledge or reputation. The undisputed evidence is that at the time Sun Oil Company acquired the lease the territory in which the land is situated was unproven, that Sun Oil Company had sent no geologist or other employee or agent there, had taken no steps to ascertain whether anyone other than Manuel Strong had an interest in the land, and had no information about the ownership or occupancy of the land except that contained in an affidavit made by Manuel Strong. In the affidavit Manuel Strong stated in substance that he held a deed to the land duly registered, giving its date, the book and page where recorded and the name of the grantor, that the land was not encumbered, that he was in possession of the land and had been continuously for at least twenty years, paying all taxes, and that no adverse claim had been made.

Thus no question of actual notice is presented. The question is whether the existence in the community in which the land lies of common reputation or notoriety that some person other than the person in possession has an interest in or claim to the land is of itself sufficient to put a purchaser on inquiry and to charge him with knowledge of the facts which inquiry would disclose.

■ A purchaser of land must search the records, for they are the primary source of information as to title and he is charged with knowledge of the existence and contents of the recorded instruments affecting the title. Smith v. Crosby, 86 Texas, 15, 22, 23 S. W., 10, 40 Am. St. Rep., 818; Leonard v. Benfford Lumber Company, 110 Texas, 83, 216 S. W., 382. He must also make inquiry as to the rights or title of the possessor, for possession is equivalent to registration, in that it gives constructive notice of the possessor's rights. Mainwarring v. Templeman, 51 Texas, 205, 43 Tex. Jur., Sec. 389, p. 661. "The *rationale* seems to be, that as the occupant's title is a good one, and as his possession is notorious and exclusive, a purchaser would certainly arrive at the truth upon making any due inquiry. The purchaser cannot say, and cannot be allowed to say, that he made a proper inquiry, and failed to ascertain the truth. The notice, therefore, upon the same motives of expediency, is made as absolute as in the case of a registration." Pomeroy's Equity Jurisprudence (4th Ed.), Sec. 615, Vol. 2, pp. 1166-1167.

The value and effectiveness of the registration statutes are to an extent impaired by the rule that possession gives constructive notice of title, but the rule is justified or at least

supported, as suggested by Mr. Pomeroy, by the fact that ordinarily the truth as to title may be readily obtained from the person in possession. We find no good reason, however, for imposing upon the purchaser the additional burden of ascertaining at his peril what may be the common reputation in the community as to the ownership of land. Reputation does not ordinarily afford a ready or dependable source of information. It has the fallibility of hearsay. Rights or titles to land should not be dependent upon the existence or non-existence, the truth or the untruth, of common reputation, notoriety or rumor.

The mere existence of common reputation in the community as to the title or ownership of land could not be sufficient to put a purchaser on inquiry and charge him with knowledge of what might be developed by inquiry, unless the duty were imposed upon the purchaser of making inquiry or persons residing in the community for the purpose of ascertaining what they might know or might have heard about the title. In Bounds v. Little, 75 Texas, 316, 12 S. W., 1109, the trial court in charging the jury as to the defense of innocent purchaser made by Bounds, instructed them in substance that if by the making of inquiry among persons living near the land Bounds could have learned from them of the existence of the deed through which plaintiffs claimed, then he would be deemed to have notice. In holding that this portion of the charge was erroneous the court, speaking through Associate Justice Gaines, said: "We know of no rule of law which requires one who is about to purchase land to make inquiries of persons living near it. It is the duty of a purchaser to inquire of the party in possession by what right he holds, and hence the law affects him with notice of the claim of such possessor. *But in the absence of some information that some particular person knows of an adverse claim to the premises in dispute, there is no duty resting upon the purchaser to make inquiries of such person, although he may live in the neighborhood in which the land lies.*" (Our italics)

In De Guerin v. Jackson, 50 S. W. (2d) 443 (affirmed by Jackson v. De Guerin, 124 Texas, 424, 77 S. W. (2d) 1041), the Court of Civil Appeals, citing Bounds v. Little, supra, said: "The appellants were under no obligation to make inquiry of persons living near the land in the absence of actual notice to appellants that such persons had knowledge of facts in reference to the title."

The United States Circuit Court of Appeals for the Fifth Circuit, in Dolbear v. Gulf Production Company, 268 Fed.,

737, held that reputation of ownership by the claimant of an equitable title does not prevent one from being a purchaser without notice when there is nothing to show that the purchaser had notice of such reputation.

In Berry v. House, 1 Texas Civ. App., 562, 21 S. W., 711, the record of appellees' title had been destroyed by fire and appellees relied upon circumstances to show that Steinle and Thulemeyer, knowing that appellees had title to the land, had entered into a conspiracy to deprive them of it and to acquire it through the medium of Cremer, an ostensibly innocent purchaser. The court held that evidence as to the notoriety of appellees' ownership and claim of the land in the neighborhood where it was situated was admissible as "a proper circumstance tending to show Steinle and Thulemeyer's knowledge of the fact." The case holds that evidence of notoriety is admissible as a circumstance tending to show actual notice and not that notoriety of which a purchaser knows nothing will of itself charge the purchaser with notice or put him on inquiry.

Similarly, the statement in the opinion in Houston Oil Company v. Choate (Com. App.), 232 S. W., 285, 288, that evidence of the notoriety of Mrs. Choate's claim was admissible and pertinent on the issue of notice refers to actual notice. It is said in the opinion that everybody in the country around knew that the land belonged to Mrs. Choate. As the purchase was made at execution sale in the county where the land was situated, it might be fairly inferred that the purchaser came into contact with the notoriety of Mrs. Choate's ownership.

We conclude, therefore, that the evidence of the existence of common reputation in the community in which the land lies that plaintiffs in error had an interest in the land was insufficient to raise the issue submitting the question whether the facts and circumstances were reasonably sufficient to put Sun Oil Company on inquiry as to the title and claim of plaintiffs in error, because there is no evidence tending to prove that anyone representing Sun Oil Company had knowledge or notice of such common reputation.

■ The other unanswered issue relates to good faith, or want of good faith, on the part of Sun Oil Company. A careful reading of the statement of facts discloses, in our opinion, no fact or circumstance tending to show that the purchase of the lease was not made in good faith.

Plaintiffs in error rely upon certain testimony of McCune, superintendent of the land department of Sun Oil Company, and upon testimony of other witnesses to statements made by

McCune, as evidence of a want of good faith on the part of Sun Oil Company. The substance of this evidence, stated most favorably to plaintiffs in error, is as follows: When Wilson obtained the lease from Manuel Strong he procured Strong's affidavit hereinabove referred to, which contained answers to several questions showing that Manuel Strong was in possession of the land and had been for more than twenty years, holding it under a deed duly registered, paying all taxes, and that no adverse claims to the land had been made. Sun Oil Company acquired the lease, together with a number of other leases of land in the same territory, for $385.00, of which $50.00 was paid for the Manuel Strong lease. It delayed for about ten days its final acceptance of the leases and payment of the consideration, because it did not have questionnaires on its printed forms containing many questions seeking information as to the land, its location, use and ownershp. During that period it took no steps to ascertain whether any person except Manuel Strong lived on the land or had an interest in it, and it finally accepted the leases and paid for them without making any further investigation and without sending back to get questionnaires and with no information about ownership or occupancy except the affidavit made by Manuel Strong. The testimony of one of the witnesses was that McCune said he decided that "the leases were so cheap they would take the chances and not send back for questionnaires." McCune testified that the land was in territory unproven at that time, regarded as cheap territory and that he took a speculative chance on it. The evidence is, in short, that Sun Oil Company purchased the lease without having the title examined and without sending someone into the county where the land was situated to make investigation, with no evidence as to the title or possession except that contained in the affidavit of Manuel Strong, taking a speculative chance as to the title and in its purchase of a lease on fifty acres of land in unproven territory for $1.00 per acre. Such facts do not even indicate negligence. Certainly they do not suggest bad faith. The rule announced in Houston Oil Company v. Hayden, 104 Texas, 175, 182, 135 S. W., 1149, is not applicable, because there is no evidence of circumstances tending to prove that those who represented Sun Oil Company remained purposely ignorant of facts pointing to ownership by some person other than Manuel Strong, or that they suspected that there were other owners, or that they attempted to acquire through the aid of the registration laws, a title that they did not really believe to be in the lessor.

■ Inadequacy of consideration may be considered as a circumstance on the issue of good faith (Wilson v. Denton, 82 Texas, 531, 536, 18 S. W., 620; Hume v. Ware, 87 Texas, 380, 384, 28 S. W., 935; Houston Oil Co. v. Hayden, 104 Texas, 175, 182, 135 S. W., 1149; Ramirez v. Bell, 298 S. W., 924, 929; Hopper v. Tancil (Com. App.), 3 S. W. (2d) 67), but there is no evidence in the record that the sum of $50.00 paid for the assignment of the lease was not an adequate consideration.

It is further contended by plaintiffs in error that when it was shown that the facts as to the consideration paid were peculiarly within the knowledge of Sun Oil Company, failure on its part to explain the consideration and to state specifically of what it consisted would have justified the jury in finding that the purchase was not made in good faith. There is no merit in this contention, because McCune, superintendent of the land department, testified positively in answer to questions propounded to him by plaintiffs in error that the consideration in fact paid for the lease was $50.00, that he signed the check by means of which payment was made for this and several other leases and verified the check from the accounting department records. No objection was made to this testimony. It was not hearsay.

■ The Court of Civil Appeals correctly disposed of plaintiffs in error's proposition that T. B. Strong and Arzola Strong, two of the children of Manuel Strong and his first wife, had such possession of the land as to constitute constructive notice of the rights of plaintiffs in error. Manuel Strong and his second wife occupied the land as their homestead, seven children living with them, T. B. and Arzola by the first wife, and the others by the second wife. They lived as one family and all helped cultivate the farm. T. B. was of age and unmarried at the time the oil and gas lease was executed in 1929. His father during the years 1927 and 1928 set aside to him three to five acres of the land and he sold the cotton produced on it and used the proceeds for himself, but all the members of the family worked the cotton on the three to five acres, as they together worked the crops on the whole farm. In the year 1929 T. B. had no separate cotton patch, but he received one-fourth of the cotton raised on the farm and none of the other crops. T. B. slept and ate in the home with the other members of the family and paid no board except by his work on the farm. His father furnished him horses, corn and implements. In the years 1928 and 1929, with his father's permission or without objection from his father, he cut timber from the land, the quantity

not shown, sold it for ties and used the proceeds. In hauling the timber or ties he sometimes used his father's team and sometimes rented a team from his uncle.

Under this state of facts T. B. Strong apparently resided on the land as a member of Manuel Strong's family and was in no sense in open or exclusive possession. The visible possession was that of the father, Manuel Strong, who held the legal title. If the presence of T. B. Strong as a member of the family may be considered possession, it is apparent that his possession was not of the character or quality that gives constructive notice. The essential elements of that character or quality are thus clearly defined in the opinion of the Court of Civil Appeals:

"So it may safely be said that the 'character of possession' referred to as constituting constructive notice, with respect to the character of case we have under consideration, must consist of open, visible, and unequivocal acts of occupancy in their nature referable to exclusive dominion over the property, sufficient upon observation to put an intending purchaser on inquiry as to the rights of such possessor; and that ambiguous or equivocal possession which may appear subservient or attributable to the possession of the holder of the legal title is not sufficiently indicative of ownership to impute notice as a matter of law of the unrecorded rights of such possessor."

The foregoing rule and its application as made by the Court of Civil Appeals to the facts above set out are supported by the following authorities: Cameron v. Romele, 53 Texas, 238; Paris Grocer Co. v. Burks, 101 Texas, 106, 105 S. W., 174; Derrett v. Britton, 80 S. W., 562 (application for writ of error refused); Johnson v. Bingham, 251 S. W., 529 (affirmed 265 S. W., 130, 132); Puckett v. Reed, 3 Texas Civ. App., 350, 22 S. W., 515; Astin v. Martin, 289 S. W., 442, 444; Jackson v. De Guerin, 124 Texas, 424, 77 S. W. (2d) 1041; 27 R. C. L., Secs. 488-489, pp. 724-725; Pomeroy's Equity Jurisprudence (4th ed.), Sec. 620, Vol. 2, pp. 1183-1184.

No issue of fact is raised by the evidence as to possession or occupancy by T. B. Strong and Arzola Strong, because there is no evidence in the record that any representative of Sun Oil Company knew, or was in a position where he should have known, of their presence on the land. A fact or circumstance, other than facts of record or possession visible and exclusive, will not put a purchaser on inquiry unless it is a fact or circumstance that he knows or should know. In other words, one is not put on inquiry by a fact or circumstance of which he

knows nothing, unless it can be said that notice of it is imputed to him as a matter of law. Paris Grocer Co. v. Burks, 101 Texas, 106, 111, 105 S. W., 174.

The judgments of the district court and the Court of Civil Appeals are affirmed.

Opinion adopted by the Supreme Court December 2, 1936.

Rehearing overruled January 13, 1937.