## GROGAN–COCHRAN LUMBER CO. v. McCOMB.

### No. 4326.

Court of Civil Appeals of Texas.  Beaumont.

Nov. 15, 1945.

Rehearing Denied Dec. 5, 1945.

Vinson, Elkins, Weems & Francis, of Houston, for appellant.

W. J. Knight, of Houston, and W. P. McComb, Sr., of Conroe, for appellee.

MURRAY, Justice.

This is an appeal from an order of the district court of Montgomery County, Tex., dissolving a temporary restraining order theretofore issued and denying an application for temporary injunction.

Appellant, Grogan-Cochran Lumber Company, purchased from Mrs. Elizabeth Moody, a feme sole, certain timber and rights in land in a 726-acre tract out of the Charles B. Stewart survey in Montgomery County, Tex., in July, 1941, by an instrument filed for record in the deed records of Montgomery County on July 30, 1941. The instrument conveyed to Grogan-Cochran Lumber Company all the pine timber 8 inches and up at the stump at the time of cutting, standing on said land, granted necessary rights of ingress to said land for the purpose of cutting and removing said timber until May 17, 1945, and not thereafter.  It further contained the following provision: "It is understood and agreed that any timber remaining on the above described land when the rights hereby granted expire on May 17, 1945, shall revert to and become the property of the undersigned, her heirs and assigns."  Later, by an instrument dated June 10, 1944, Mrs. Moody granted to Grogan-Cochran Lumber Company "until May 17, 1947, within which to cut and remove said timber."  This

instrument was not filed for record until July 12, 1945, which was after the present controversy arose.

The appellee, W. Perry McComb, Jr., in July, 1945, paid Mrs. Moody $1,000 for the timber on this same property, granted by an instrument dated July 2, 1945. This conveyance dated July 2, 1945, granted to McComb all pine timber on such tract 8 inches and up, 12 inches from the ground, and gave him one year from that date to cut and remove it. McComb at once entered upon the land and began cutting and removing the timber. When Grogan-Cochran Lumber Company discovered that McComb was cutting and removing timber, they placed their second instrument of conveyance on record and filed suit in the district court of Montgomery County, Tex., in general form of trespass to try title and secured a restraining order and prayed for a temporary writ of injunction. The restraining order was granted, and on the day of hearing on the application for temporary injunction Grogan-Cochran Lumber Company amended its petition and alleged it was the owner of the timber on such land in personalty. At the conclusion of the hearing, the court dissolved the restraining order and denied application for temporary writ of injunction. From such order of the court this appeal has been duly perfected.

■ Appellant in its first point maintains that the timber deed from Mrs. Moody to it, dated July 23, 1941, did not convey any title to or interest in real estate but effected a severance and conveyed the timber upon the property. By its second point it says that since the 1941 timber deed and the 1944 extension thereof did not convey any title to or interest in the land such instrument was not subject to the statute of frauds or to the registration statutes. Vernon's Ann.Civ.St. art. 6626. Under the authority of Lodwick Lumber Co. v. Taylor, 100 Tex. 270, 98 S.W. 238, 123 Am.St.Rep. 803, and Davis v. Conn, Tex.Civ.App., 161 S.W. 39, cited by both parties, and Jones v. Gibbs, 133 Tex. 645, 130 S.W.2d 274, and Jones v. Gibbs, 133 Tex. 627, 130 S.W.2d 265, we overrule these contentions of the appellant. We believe the instruments conveyed an interest in land and were subject to the registration statutes.

■ In its third point, the appellant argues that since rights under the 1941 timber deed were extended for a valuable consideration, the grantor waived the right and provision of reverter, and that since the appellee is claiming under her both Mrs. Moody and McComb are estopped from claiming that appellant's title and rights are terminated. We believe the determination of this question is reached by a consideration of appellant's fourth point, which maintains that McComb was not a bona fide purchaser of the timber without notice. From the evidence, it is seen that McComb examined the deed records before buying from Mrs. Moody and found there the original 1941 timber deed, with its expiration date of May 17, 1945. He then went on the land and examined it and found no one cutting or removing timber on such land, inquired of a person in possession, and learned he was in possession only with rights of pasturage and was making no claim to the timber on the land. This took place after May 17, 1945, and he then proceeded to make his deal with Mrs. Moody. She stated to him that no one else had any timber interest in the land. The appellant does not contend that McComb had any actual notice of its rights under the second, or extension deed. It argues that he had constructive notice in that Grogan-Cochran Lumber Company was an old, established firm, engaged in the lumber business for many years, that there was still a great deal of timber uncut on the land, that he should have known that appellant would not probably have abandoned valuable timber rights, and that he should have made inquiry of the appellant itself, and that had he done so he would have learned of the extension of the second instrument and would have been advised of the appellant's rights to the timber until 1947. It says that failing to do this the appellee did not become a bona fide purchaser without notice of appellant's title and rights. We are unable to agree with this contention. We believe no further duty as to inquiry was imposed upon McComb than was made by him, as shown by the record. There is no evidence in the record of any fact known to McComb which would place him upon inquiry as to the existence of any rights or claims of the appellant after he had found in the deed records the 1941 timber deed, containing the expiration date of May 17, 1945, and his examination of the land itself and finding no one upon the land exercising any rights or making any claims

for or under Grogan-Cochran Lumber Company. See Strong v. Strong, 128 Tex. 470, 98 S.W.2d 346, 347, 109 A.L.R. 739; Moran v. Wheeler, 87 Tex. 179, 27 S.W. 54; Eylar v. Eylar, 60 Tex. 315; Brown v. Ackerman, Tex.Com.App., 17 S.W.2d 771.

By its fifth point, appellant says it is entitled to an injunction to preserve the status quo pending the final determination of the suit on its merits and the trial court abused its discretion in denying such relief. The appellee was in possession of the land and had removed some three carloads of timber before the present controversy arose. If the appellant, from the present record, could show that it would probably prevail in a determination of this controversy on its merits this contention would have more weight. Because of our views on the points which are discussed above, however, we do not believe that such showing has been made. The appellee was in possession of the property under a reasonable showing of being a bona fide purchaser for value, without notice, and under these circumstances we do not believe the trial court abused its discretion in denying the application for temporary injunction.

The judgment and order is affirmed.