JONES, Justice.
This is an appeal from an order of the circuit court vesting title, ownership, and possession of certain real property in Appel-lee Mae Hughes by virtue of prescriptive adverse possession, and rendering null and void a mortgage foreclosure deed which purported to convey title to the same property to Appellants Willie and Julia Fleming.
The disputed property consists of 4 lots in the town of Dixie, Alabama. On August 28, 1948, Appellee Homer Watson and his wife conveyed the land to A. H. Worley; Worley and his wife, in turn, executed a purchase money mortgage to Watson. The deed and the mortgage were recorded. On November 5,1949, Worley and his wife (the stepfather and mother of Appellee Hughes) conveyed the same property to Appellee Hughes, which deed was also recorded.
(ín March 6, 1980, Appellee Watson foreclosed on the Worley mortgage by publication. At the mortgage foreclosure sale on *708 April 2, 1980, Appellants were the successful bidders and purchased the property for $1,400.00. Appellants recorded the mortgage foreclosure deed conveying title to them.
On September 29, 1980, Appellee Hughes filed a petition to quiet title in the property in herself. That petition alleges that Hughes is now 76 years old and that she is the rightful owner of the property by virtue of the recorded warranty deed executed by her mother and stepfather. The petition also alleges that Hughes has resided on the property since 1949, and that she has paid taxes on the property until she became exempt from such tax liability because of her age. Appellee Hughes contends that she has been in “actual, open, continuous, peaceable, exclusive, adverse, and notorious possession” of the property for more than 30 years, and that the mortgage in question is “more than twenty years old before the foreclosure sale and thus raise[s] a conclusive presumption by statute and case law that the mortgage [can] not be enforced because of a twenty year prescription right that ripens in favor of Mae Hughes,” which “render[s] the mortgage null and void.” The petition also states that, because of the age of the mortgage, the equity defense of laches should have prevented foreclosure. The final averment of the petition is that Mae Hughes “has receipts of payments made on said mortgage” and that the mortgage “has been paid, thus making [Mae Hughes] the rightful owner” of the property-
Appellants’ and Appellee Watson’s answers to the petition alleged that because a recorded mortgage existed at the time of the conveyance of the land to Mae Hughes, she had notice of that mortgage and, therefore, her possession of the property was permissive rather than adverse.
Appellants also filed a counterclaim against Hughes and a cross claim against Watson alleging, in both instances, that, because they were bona fide purchasers of the property, title should be quieted in them or, alternatively, that Appellants should be reimbursed for the purchase price of the property if the court were to find that the foreclosure deed is void.
Appellee Hughes’s motion for summary judgment was denied; but partial summary judgment was entered in favor of Appellee Watson on the cross claim.
After a hearing on all pending issues, the court entered its order vesting title to the property in Hughes and ruling that the foreclosure deed issued to Appellants was null and void.
Appellants filed a motion for a new trial, attacking the order on the grounds that 1) the evidence was insufficient to grant summary judgment to Watson on the cross claim and the court erred in its application of the doctrine of caveat emptor to that issue; 2) the evidence was insufficient to support an order quieting title in Appellee Hughes; and 3) the evidence did not support a finding that Hughes had disclaimed subordination to the mortgage, either expressly or by her actions (thereby indicating an intention of hostile possession), because of the sworn statement in Hughes’s petition which acknowledged the existence of the mortgage and claimed that payments had been made thereon, and because of Hughes’s later affidavit which denied any acknowledgement of either the mortgage or the payments.
The trial court, denying the motion for new trial, held that the doctrine of caveat emptor had been correctly applied, and that the court had been correct in quieting title in Hughes, because she had acquired title to the property by virtue of adverse prescriptive possession.
We affirm.[1]
Most authorities agree that the doctrine of caveat emptor is properly applied to mortgage foreclosure sales. It is not unrea *709 sonable to presume that the purchaser at such a sale is aware of the condition of the title of the property on which he bids. It is important, however, to keep in mind that the notice with which the purchaser at a mortgage foreclosure sale is charged is that notice which would have resulted from a careful and diligent inquiry into the recorded history of the mortgaged property. C. Wiltsie, Real Property Mortgage Foreclosure § 734 (1939). “Indeed, these sales would be impossible if a purchaser were not allowed, in good faith, to accept, as presumptively true, the mortgagee’s recital, as contained in his deed, as to the regularity of his procedure in accordance with the terms of the mortgage.” G. Glenn, Mortgages § 109.1 (1943).
Further, purchasers at foreclosure sales “have been treated as bona fide purchasers for value, and protected against secret claims or equities, whether existing in favor of third persons against the mortgagor, or in favor of the mortgagor ... against the mortgagee;” and “the mortgage appearing of record to be valid, a purchaser without notice does acquire title.” L. Jones, Law of Mortgages of Real Property § 2441 (1928). See, also, 92 C.J.S. Vendor and Purchaser § 326 (1955).
This Court, however, has held:
“The elements of a bona fide purchase include a purchase of the legal title to the property in good faith, for an adequate consideration, and without notice of any claim of interest in the property by any other party. [Cites omitted.] Notice of a claim of interest in real property can be inferred from knowledge of facts sufficient to put a reasonably prudent person on inquiry, which if followed up, would lead to the discovery of the title asserted by some other party. [Cites omitted.] or as otherwise stated, knowledge of facts which would lead an ordinarily prudent person to further inquiry of the title of the vendor. [Cites omitted.]” (Emphasis supplied.)
Murphree v. Henson, 289 Ala. 340, 352, 267 So.2d 414, 425 (1972).
Possession of the property to be sold at a foreclosure sale by one whose name does not appear on the mortgage document is an obvious “fact [which] would lead an ordinarily prudent person to further inquiry,” which inquiry would reveal the claimed interest of the possessor.
In Strong v. Strong, 128 Tex. 470, 98 S.W.2d 346 (1936), although dealing with facts distinguishable from those of the instant case, the Texas commission of appeals correctly summarized the legal principles which guide our resolution of the issue now before us:
“A purchaser of land must search the records, for they are the primary source of information as to title and he is charged with knowledge of the existence and contents of the recorded instruments affecting the title. [Cites omitted.] He must also make inquiry as to the rights or title of the possessor, for possession is equivalent to registration, in that it gives constructive notice of the possessor’s rights. [Cites omitted.] ‘The rationale seems to be, that as the occupant’s title is a good one, and as his possession is notorious and exclusive, a purchaser would certainly arrive at the truth upon making any due inquiry. The purchaser cannot say, and cannot be allowed to say, that he made a proper inquiry, and failed to ascertain the truth. The notice, therefore, upon the same motives of expediency, is made as absolute as in the case of a registration.’ Pomeroy’s Equity Jurisprudence (4th Ed.) § 615, Vol. 2, pp. 1166, 1167.
“The value and effectiveness of the registration statutes are to an extent impaired by the rule that possession gives constructive notice of title, but the rule is justified, or at least supported, as suggested by Mr. Pomeroy, by the fact that ordinarily the truth as to title may be readily obtained from the person in possession.”
Strong v. Strong, 98 S.W.2d at 348.
Mae Hughes’s continuous and notorious possession of the property at issue for over 30 years was the constructive notice *710 necessary to cause Appellants to make further inquiries as to the source, extent, and duration of Hughes’s claim to the land. Indeed, the recorded conveyance of the property to Hughes and her recorded tax transactions add strength to our conclusion that notice to Appellants of Hughes’s claim was readily ascertainable.
The burden of a diligent search into the history of property one purposes to buy is not an onerous one, nor is it unfair to apply the doctrine of caveat emptor to mortgage foreclosure sales. The purchaser at a mortgage foreclosure sale should be in no better position than buyers in all situations who claim to be bona fide purchasers for value without notice of unascertainable defects or secret equities.
We hold, then, that the trial court was correct in its denial of Appellants’ motion for a new trial and in quieting title to the property in Appellee Hughes. The judgment appealed from is affirmed.
AFFIRMED.
MADDOX and BEATTY, JJ., concur.
TORBERT, C. J., and SHORES, J., concur specially.

. While our affirmance is grounded on the issues and contentions as framed and argued below, and in the context of the trial court’s ruling, we perceive no reason why Code 1975, § 35-10-20, is not dispositive of this case. See the specially concurring opinion per Chief Justice Torbert.