TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00094-CV






Fred Norton, Appellant



v.



Robin Dunston and Jan Dunston, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. GN002180, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING 







 Fred Norton appeals the summary judgment that he take nothing and that Robin
Dunston and Jan Dunston have possession of real property. He contends that the district court erred
by granting summary judgment because the Dunstons were not good-faith purchasers and did not
properly request a writ of possession. We will affirm the judgment.

 On June 30, 2000, the Dunstons purchased a house and lot from Connie Willcox, a
resident and the owner of record. They purchased it knowing that her boyfriend, whom they had not
met and whose name they did not know, was living in the house and refusing to leave. They leased
the house back to Willcox for a month. About a week before the end of the lease-back, the Dunstons
learned that Norton, the resident boyfriend who still refused to vacate, now claimed ownership of
the house. Norton, who leased the house from the previous owners beginning in 1997, asserts that
Willcox agreed in 1998 to use her credit to purchase the property on his behalf and hold it in her
name until he could get a loan; he would then purchase the property from her, paying her $5000 extra
for making possible the original purchase. He asserts he made the earnest-money deposit and
mortgage payments and paid for repairs, maintenance, improvements, and utilities. He testified that
he first heard of the sale to the Dunstons on July 4, 2000. He said Willcox called the Dunstons
seeking to repurchase the house, but they declined to sell. (1) In mid-August 2000, the Dunstons filed
a forcible detainer action against Norton, seeking his eviction.

 The Dunstons testified at deposition that the day after the sale they began worrying
about strange occurrences surrounding the sale. They were concerned by Willcox and her realtor's
heated argument over the lease-back terms. Robin Dunston found it odd that Willcox wanted no one
to contact her at the house regarding the sale. A lack of communication from their broker made them
uneasy regarding the propriety of the transaction. The Dunstons said they did not contemplate these
concerns until after the sale closed.

 Norton filed this suit, seeking a declaration that the Dunstons' deed is invalid, that
they have no title to the property, and that Norton is the fee-simple owner of the property. The
Dunstons denied Norton's allegations, asserted several affirmative defenses, and requested that
Norton take nothing by his suit and that they get whatever other legal or equitable relief to which
they are entitled. The district court granted their motion without specifying a basis, ordering that the
Dunstons get title and possession to the property and that all necessary writs issue for the judgment.

 Because the propriety of a summary judgment is a question of law, we review the
district court's decision de novo. Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Texas
Dep't of Ins. v. American Home Assurance Co., 998 S.W.2d 344, 347 (Tex. App.--Austin 1999, no
pet.). The standard for review of a summary judgment is well-established: (1) the movants must
show there is no genuine issue of material fact and that they are entitled to judgment as a matter of
law; (2) in deciding whether a disputed material fact issue precludes summary judgment, the court
must take evidence favorable to the nonmovant as true; and (3) the court must indulge every
reasonable inference in favor of the nonmovant and resolve any doubts in the nonmovant's favor. 
Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). The Dunstons had the burden
of showing that Norton could not succeed on any theory pleaded. See San Antonio Express News
v. Dracos, 922 S.W.2d 242, 247 (Tex. App.--San Antonio 1996, no writ). When the trial court's
summary judgment does not specify the grounds relied upon, we must affirm the court's judgment
if any of the summary-judgment grounds is meritorious. Bradley v. State ex rel. White, 990 S.W.2d
245, 247 (Tex. 1999).

 Among the Dunstons' affirmative defenses is that they were bona-fide purchasers.
A bona-fide purchaser is one who acquires property in good faith, for value, and without notice,
constructive or actual, of any third-party claim or interest. Madison v. Gordon, 39 S.W.3d 604, 606
(Tex. 2001). Constructive notice arises when the purchaser has a duty to ascertain the rights of a
third-party possessor. Madison, 39 S.W.3d at 606. Bona-fide purchasers prevail over a holder of
a prior equitable title. H.D. Boswell v. Farm & Home Sav. Assoc., 894 S.W.2d 761, 767 (Tex.
App.--Fort Worth 1994, writ denied) (citing NRG Exploration, Inc. v. Rauch, 671 S.W.2d 649, 653
(Tex. App.--Austin 1984, writ ref'd n.r.e.)). 

 The duty to inquire, prompted by constructive notice, arises when the third party's
possession is visible, open, unequivocal, and exclusive. Id. It is not clear whether these four factors
are independent and equal (see Madison, 39 S.W.3d at 605-07) or whether the first three must be
"referable" to the exclusivity of the possession (see Strong v. Strong, 98 S.W.2d 346, 350 (Tex.
1936)). In Madison, the court held that the fact of residency by a non-record owner in one of four
apartments in a dwelling was neither exclusive nor unequivocal possession because that residency
was compatible with the record owner's title. Madison, 39 S.W.3d at 607 (citing Strong, 98 S.W.2d
at 350). In Strong, an adult son who had a non-record ownership claim resided on property with his
father, the record-title owner, and other members of the family; the court held that the son did not
have the open or exclusive possession of the property that would provide constructive notice of or
trigger inquiry into the son's non-record ownership interest in the property. 98 S.W.2d at 350. The
court stated that "ambiguous or equivocal possession which may appear subservient or attributable
to the possession of the holder of the legal title is not sufficiently indicative of ownership to impute
notice as a matter of law of the unrecorded rights of such possessor." Id. (quoting Strong v. Strong,
66 S.W.2d 751, 754 (Tex. Civ. App.--Texarkana 1933)).

 The courts in Madison and Strong could have been describing Norton's possession. 
It is undisputed that Willcox was the sole owner of record, that she lived on the property with
Norton, that Norton's "arrangement" with Willcox was not recorded, and that no writing
memorializing any agreement between them exists. Though Norton's collection of canceled checks
for mortgage payments, repairs and maintenance arguably might support a claim against Willcox for
a share of the sale proceeds, they did not put the Dunstons on notice of his interest because there is
no evidence that the Dunstons knew or should have known of their existence. There is nothing in
evidence to notify the Dunstons that Norton was anything more than a resident of the property who
was unwilling to leave. If buyers are under no duty to inquire about the potential ownership claim
of a resident adult child of a resident father and deceased mother (see Strong, 98 S.W.2d at 350),
they are under no duty to inquire about the potential ownership claim of a resident boyfriend
unwilling to leave. Norton's possession was not unequivocal or exclusive. 

 We do not find any evidence to support Norton's assertions that the Dunstons knew
that the sale was being concealed from Norton and knowingly participated in that concealment.
Instead, the Dunstons testified they saw no signs during their fifteen-minute visit that a man lived
in the house. They knew that they were supposed to deal with the seller's realtor and not the seller. 
That Willcox arranged their June 13 visit and June 20 inspection on Tuesdays at 10 a.m. does not
impute a duty to inquire; the fact that the same time is convenient for the owner on consecutive
weeks is not inherently suspicious. Neither is the fact that these times coincided with Norton's
absence from the home; absence of an adult from his home on a weekday at 10 a.m. is not
suspicious, and prospective buyer visits are often scheduled to avoid contact with residents to
minimize disruption of buyers and residents. If anything, Norton's absence underscores the
impression that he had no ownership interest. Further, the Dunstons did not learn that Norton was
balking at vacating until June 24, 2000, after their inspection was complete, and did not learn of his
ownership claim until a month later, after the closing. Without more, his reluctance to vacate did
not create a duty to inquire; under Madison and Strong, the residence of the record owner's boyfriend
plainly appears subservient or attributable to and compatible with the record-title holder's ownership. 
See Madison, 39 S.W.3d at 607; Strong, 98 S.W.2d at 350. 

 We find no fact issues barring summary judgment on the affirmative defense of bona-fide purchase. We conclude that the evidence shows undisputedly that the Dunstons bought the
property in good faith, for value, and without notice, constructive or actual, of Norton's claim or
interest. We resolve issues two and three in favor of the judgment. Because this provides a
sufficient basis for affirming the judgment, we need not consider issue one, which challenges an
independent substantive basis for the judgment. See Tex. R. App. P. 47.1

 By issue four, Norton complains that the Dunstons did not request the following relief
granted by the district court in its judgment: "The court orders that writs of possession and execution
and all other necessary writs shall issue for this judgment." The Dunstons expressly requested a writ
of possession only in their motion for summary judgment; they contend, however, that their prayer
that Norton take nothing by his suit and "for such other and further relief to which [the Dunstons]
may be justly entitled, either at law or in equity" encompasses a request for the order that the
necessary writs issue.

 We find no reversible error in the district court's action. The court did not issue any
writs, nor did it supply a new basis on which the Dunstons could recover. The court granted
judgment that Norton take nothing based on the Dunstons' affirmative defenses, and merely ordered
that the relief requested and granted be enforced by the issuance of necessary writs, including a writ
of possession. Further, these writs--possibly necessary to effectuate the judgment but unissued--are
encompassed by the general request for relief. We resolve issue four in favor of the judgment.



 We affirm the district court's summary judgment in favor of the Dunstons.



 

 Bea Ann Smith, Justice 

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: August 9, 2001

Do Not Publish
1. The Dunstons denied that Willcox offered to repurchase the house. Because we are
reviewing a summary judgment for the Dunstons, we will presume that Willcox called and the
Dunstons declined to sell.



ial ownership claim
of a resident adult child of a resident father and deceased mother (see Strong, 98 S.W.2d at 350),
they are under no duty to inquire about the potential ownership claim of a resident boyfriend
unwilling to leave. Norton's possession was not unequivocal or e