NUMBER 13-99-795-CV and 13-00-123-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
ARMANDO AGUIRRE, SR., ARMANDO AGUIRRE, JR. Appellants,
HILDA AGUIRRE, ALBERTO AGUIRRE, AND 
LOU ANN AGUIRRE 
                                                                v.

EZEQUIEL REYNA JR., ELR ENTERPRISES, INC.,
RICHARD S. TALBERT, AND TALBERT AND MCDANIEL,      Appellees.



On appeal from the 275th District Court
of Hidalgo County, Texas.




 MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Dorsey



                              Opinion by Chief Justice Valdez
         Armando Aguirre, Sr., Armando Aguirre, Jr. and wife Hilda Aguirre, and Alberto
Aguirre


 and wife Lou Ann Aguirre brought suit against Richard S. Talbert, Talbert &
McDaniel, Ezequiel Reyna, Jr., Cottonfields, Ltd., and ELR Enterprises, Inc., for fraud,
negligence, gross negligence, malpractice, breach of fiduciary duty, civil conspiracy,
fraud in a real estate transaction, negligent misrepresentation, and trespass. The trial
court granted take-nothing summary judgments in favor of these defendants, and this
appeal ensued. We affirm.
Background
         This is a memorandum opinion. See Tex. R. App. P. 47.4. The parties are
familiar with the factual and procedural underpinnings to this appeal; therefore, we will
only briefly discuss the factual and procedural background to this appeal as necessary
to advise the parties of our decision and the basic reasons for the decision. See id. 
         The underlying case concerns the purchase of real estate by an attorney,
Ezequiel Reyna, and his corporations, Cottonfields, Ltd., and ELR Enterprises, Inc.,



from a former client, Armando Aguirre, Sr.


 Richard Talbert, of the firm Talbert &
McDaniel, represented both Reyna and Aguirre, Sr. in the transaction. According to
Aguirre, Sr., Reyna coerced and pressured him into selling the property at an unfair
value by falsely representing that the property would be confiscated by the IRS, DEA,
or by local taxing districts. Aguirre, Sr. further alleges that attorney Talbert failed to
properly advise him regarding the circumstances of the sale, the price, or the amount
of realty being sold. 
         Aguirre, Sr.’s sons and daughters-in-law, Armando Aguirre, Jr. and wife Hilda
Aguirre, and Alberto Aguirre and wife Lou Ann Aguirre, also brought suit against these
defendants. They claimed ownership of tracts of the real estate at issue by virtue of
parol gifts from Aguirre, Sr. 
         Talbert and Talbert & McDaniel (collectively “Talbert”) moved for summary
judgment on traditional and no-evidence grounds, as did Ezequiel Reyna, Jr.,
Cottonfields, Ltd., and ELR Enterprises, Inc. (collectively “Reyna”). In separate orders,
the trial court granted these motions for summary judgment without specifying the
bases for its rulings.
Standard of Review
         In a traditional summary judgment, the movant has the burden of showing that
there is no genuine issue of material fact and that it is entitled to judgment as a matter
of law. Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). In deciding
whether there is a disputed material fact issue precluding summary judgment, evidence
favorable to the nonmovant will be taken as true. Id. Every reasonable inference must
be indulged in favor of the nonmovant, and any doubts must be resolved in favor of
the nonmovant. Id. In contrast, in a no-evidence motion for summary judgment, the
non-movant must bring forth more than a scintilla of probative evidence to raise a
genuine issue of material fact. Zapata v. The Children’s Clinic, 997 S.W.2d 745, 747
(Tex. App.–Corpus Christi 1999, no pet.).
Claims of Armando Aguirre, Jr., Hilda Aguirre,
and Lou Ann Aguirre

         Talbert moved for summary judgment against Armando Aguirre, Jr., Hilda
Aguirre, and Lou Ann Aguirre on several bases. Talbert argued, inter alia, that these
plaintiffs had no interest in the land, that their claims were barred by the statute of
frauds, and that Talbert had no notice of any of their claims. Talbert thus argued that
these appellants lacked standing to pursue claims regarding the land. 
         Reyna alleged in his motion for summary judgment that these plaintiffs had no
legal, equitable, or justiciable interest in the land. According to Reyna, these plaintiffs’
equitable titles fail as a matter of law. 
         In their response to these motions, these plaintiffs argued that they were the
owners of equitable title to the property by virtue of a parol gift to them by Aguirre,
Sr., and their actual possession of the realty. We disagree.
         First, the statute of frauds applies to a conveyance of land. Tex. Bus. & Com.
Code Ann. § 26.01(b)(4) (Vernon 2002); Republic Nat’l Bank of Dallas v. Stetson, 390
S.W.2d 257, 262 (Tex. 1965) (holding parol gift of land violated statute of frauds).
Second, plaintiffs who are claiming an equitable title assume the burden of proving
that the subsequent purchaser of the legal title was not a bona fide purchaser. 
Westland Oil Dev. Corp. v. Gulf Oil Corp., 637 S.W.2d 903, 907 (Tex. 1982). 
Therefore, plaintiffs were required to raise a fact issue regarding whether Reyna and
Talbert were on notice of their equitable title claims to the property in question. Id. 
         Plaintiffs failed to carry this burden. The summary judgment evidence included
an affidavit executed by Aguirre, Sr., in which he testified that there were no
outstanding tenancies or leases affecting the property, and no sales contracts,
contracts for deed, or other agreements of any kind affecting the property, except as
specifically identified by contract. He further stated that there were no contracts or
claims that could be asserted against the property. 
         In their response to the motions for summary judgment, the plaintiffs argued and
presented evidence that Aguirre, Sr. gave them tracts of the land at issue, that they
possessed these portions of the property, and that they made valuable improvements
to the property. Specifically, they built or improved homes on the property and lived
there. 
         The law is clear that one purchasing land may be charged with constructive
notice of an occupant’s claims if the purchaser has a duty to ascertain the rights of a
third-party possessor. Madison v. Gordon, 39 S.W.3d 604, 606 (Tex. 2001) (per
curiam). However, the duty to ascertain the rights of third-party possessors arises
only if the possession is “visible, open, exclusive, and unequivocal.” Id. Plaintiffs’
possession of the property at issue does not satisfy these requirements. Given that
these individuals were residing on the property as members of the seller’s family, their
possession was neither exclusive nor unequivocal. Id.; see Strong v. Strong, 128 Tex.
470, 98 S.W.2d 346, 350 (Tex. 1936) (holding claimant residing as member of the
record title owner’s family was not open or exclusive possession). We conclude that
the plaintiffs have failed to present evidence creating an issue of material fact to
support their claims to equitable title to the property.
         Talbert further moved for summary judgment on grounds that he did not owe
these plaintiffs a duty. According to Talbert, “a lawyer’s professional duty generally
does not extend to persons whom the lawyer did not represent, even if the [lawyer’s]
work was intended to benefit them.” See Barcelo v. Elliott, 923 S.W.2d 575, 579
(Tex. 1996). While we agree with this proposition as a general rule, the law is clear
that this rule has a myriad of exceptions. See, e.g., McCamish, Martin, Brown &
Loeffler v. F.E. Appling Interests, 991 S.W.2d 787, 793-94 (Tex. 1999) (nonclient can
sue attorney for negligent misrepresentation); McKnight v. Riddle & Brown, 877
S.W.2d 59, 61 (Tex. App.–Tyler 1994, writ denied) (nonclient can sue attorney for
fraud); Burnap v. Linnartz, 914 S.W.2d 142, 148 (Tex. App.–San Antonio 1995, no
writ) (nonclient can sue attorney for negligent failure to advise the party that attorney
is not representing them). However, we need not further discuss these exceptions
herein. These plaintiffs produced no summary judgment evidence whatsoever that
Talbert was their attorney, or that they believed he was acting as their attorney, or
that he made any representations to them, or that they relied on any representations
that he may have made. 
         We conclude that the trial court properly granted summary judgment against
Armando Aguirre, Jr., Hilda Aguirre, and Lou Ann Aguirre in favor of appellees.
Claims of Armando Aguirre, Sr.
         In his motion for summary judgment, Talbert argued that his duties to Aguirre,
Sr. were limited by the scope of a dual representation agreement entered with Aguirre,
Sr. and Reyna. According to Talbert, he fulfilled his duties to Aguirre pursuant to the
agreement by effectuating a marketable conveyance of the property at issue. The dual
representation agreement provides, in part:
I am pleased that each of you are considering employing our firm in
connection with the above transaction. Although it is not common for
a lawyer to represent two (or more) parties in a transaction, a dual
representation is permitted by professional ethics guidelines as long as
two conditions are met.
 
First, the lawyer must conclude, after a good-faith self-evaluation, that
he can adequately represent the interests of each client. The multiple
representation should not adversely affect the lawyer’s independent
professional judgment on behalf of any client. Second, all clients must
consent to the dual representation after full disclosure by the lawyer. 
 
In this transaction I have concluded that the first condition has been
satisfied because I do believe that I can provide competent services to
each of you (although I hope you will understand that we must reserve
the right to withdraw from this dual representation if later events cause
me in good faith to reach a different conclusion). This letter is intended
to satisfy the second condition, that of disclosure and consent. 
Accordingly, I will confirm some of the possible effects that dual
representation may have on you. 
 
Conflicts of Interest. If I determine that, because of differences between
the parties, I can no longer represent each of you impartially I will inform
you of the conflict, and I must then withdraw from representation. If this
occurs, I will no longer be able to represent any party to the dispute . .
. 
 
Scope of Employment. I am being hired solely to advise you on and
document this real estate transaction. As part of this multiple
representation, I am not responsible for and will not advise you on other
transactions, nor will I give either of you any kind of tax advice with
respect to this transaction.

The letter further expressly addressed Talbert’s role in exercising professional judgment
in representing the parties’ “sometimes competing interests,” and stated that although
Talbert would “try to act as fairly as possible in judgment-call matters, it is certainly
possible that one of you may not concur with my judgment.” The letter concludes
that:
Of course, I would have declined the dual representation before now -
and thus would not even be giving you this disclosure if I had not already
concluded that I can adequately represent both of you in this transaction;
however, I also understand that you may feel differently. Therefore, I
would appreciate your giving careful thought to the matters discussed in
this letter. 

Aguirre accepted the terms of representation and signed the dual representation letter. 
See Tex. Disciplinary R. Prof’l Conduct 1.06(c), reprinted in Tex. Gov’t Code Ann.,
tit. 2, subtit. G app. A (Vernon Supp. 2003). We conclude that the trial court properly
granted Talbert’s motion for summary judgment against Aguirre, Sr.
         Reyna contends that he is entitled to summary judgment because (1) he did not
owe a fiduciary duty to Aguirre, Sr., (2) any statements that he made were not a
proximate cause of Aguirre, Sr.’s damages, if any, (3) Aguirre, Sr. suffered no
damages, (4) Aguirre, Sr. cannot show any negligent acts on the part of the corporate
defendants, (5) there is no evidence of damages to Aguirre, Sr.’s water well, (6)
Aguirre, Sr. cannot show that the land at issue was undervalued, and (7) Aguirre, Sr.
was fully aware of the terms of the transaction, including the scope of the land subject
to sale and the price to be paid. 
          Taking as true all evidence favorable to Aguirre, Sr. and indulging all reasonable
inferences in his favor, we conclude that Aguirre, Sr. has not presented more than a
scintilla of evidence, nor has he raised genuine issues of material fact sufficient to
avoid summary judgment in favor of Reyna. The summary judgment evidence fails to
show that Reyna made any misrepresentations to Aguirre, Sr., fails to show that any
such representations were the proximate cause of any of the alleged damages, and
fails to show that the subject property was undervalued or that Aguirre, Sr. otherwise
suffered any damages. We conclude that the trial court properly granted Reyna’s
motion for summary judgment against Aguirre, Sr.
Conclusion
         The summary judgments are affirmed.
 
 

                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice
Retired Justice Dorsey not participating.
 
Opinion delivered and filed
this 8th day of January, 2004.